PRINCE STEAM-SHIPPING Co. *v.* LEHMAN *et al.*[1]

*(District Court, S. D. New York.   September 4, 1889.)*

1. SHIPPING—CHARTER-PARTY—PUBLIC POLICY.
    A stipulation in a charter-party that "all disputes   *   *   *   arising on this charter-party, or on bills of lading signed thereunder, shall be settled at port of discharge only," is contrary to public policy, and void.
2. ADMIRALTY—PLEADING.
    A hearing on an exception to a libel must be determined on the pleadings, and an affidavit on behalf of respondents cannot be considered.

In Admiralty.   On exceptions to libel.
*Butler, Stillman & Hubbard,* for libelant.
*R. D. Benedict,* for respondents.

BENEDICT, J.   This case comes before the court upon an exception to the libel.   The suit is brought *in personam* against the respondents upon a charter-party, to recover freight money.   A copy of the charter-party is annexed to the libel.   The respondents served a general notice of appearance, and then excepted to the libel.   The exception raises but one question, and that is whether this court has jurisdiction to entertain the action in view of a provision in the charter-party, set forth in the libel, which is as follows:

"It is further agreed that all disputes, if any, whether arising before or after shipment of cargo, and whether arising on this charter-party or on bills of lading signed thereunder, shall be settled at port of discharge only."

The libel shows Philadelphia to be the port of discharge.

The provision in the charter-party, upon which the respondents rely, is in legal effect an agreement ousting the jurisdiction of all courts, except those in the port of Philadelphia.   Such agreements have repeatedly been held to be against public policy, and void.   The provision being void, it makes no difference which party seeks to take advantage of it; being void, it is of no avail to either party.   The exceptions must therefore be overruled.

An affidavit submitted on behalf of the respondents cannot be regarded.   This is not the hearing of a motion to decline jurisdiction, addressed to the discretion of the court, but the hearing of an exception to the libel, and must be decided on the pleadings.   Moreover, a motion to decline jurisdiction, addressed to the discretion of the court, based upon such a stipulation, could not prevail.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.