DAVIS et al. v. SMOKELESS FUEL CO.

(District Court, S. D. New York. November 28, 1910.)

ADMIRALTY (§ 34\*)—STALE DEMANDS—FOLLOWING STATE STATUTE OF LIMITA-
TIONS.

　　In a suit in an admiralty court in New York against a corporation of
another state, the local statute of limitations, as construed by the courts
of the state, furnishes the proper analogy for determining the staleness of
the claim sued on and will be followed, although under the state decisions
the respondent, being a foreign corporation, could not avail itself of the
statute in the state courts.

　　[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 320; Dec. Dig.
§ 34.\*]

In Admiralty. Suit by Cornelius A. Davis and others against the
Smokeless Fuel Company. On motion to confirm commissioners' re-
port. Decree for respondent.

Mr. Sturcke, for the report.
Mr. Beecher, opposed.

HOUGH, District Judge. But two points need now be considered,
for, conceding every other contention advanced by libelant, the fact
remains that upon a claim for demurrage which was ripe for suit
on April 3, 1903, this action was begun by service of process on April
3, 1909.

During all this period of inaction, suit might have been started
at any time, not only in West Virginia, the state of respondent's in-
corporation, but in this district and court, inasmuch as respondent
has throughout the period in question maintained an office and agent
in the city of New York.

Admittedly, if this suit had been brought in the courts of this state,
respondent could not have pleaded any statute of limitations, being a
foreign corporation; but, if it were a domestic corporation, the New
York statute would be a bar under Aultman v. Syme, 163 N. Y. 54,
57 N. E. 168, 79 Am. St. Rep. 565 (followed Conn. Bank v. Bayles,
163 N. Y. 561, 57 N. E. 1107).

The questions presented are therefore: (1) Whether the analogy
of statutes of limitation is to be followed in admiralty in favor of
those who could not plead them in the courts of the state wherein
the admiralty tribunal sits; and (2), if such analogy is controlling,
shall the local construction of the local law be followed rather than
general principles of statutory interpretation.

The only reason why statutes of limitation are regarded in the ad-
miralty at all is that they furnish a convenient measure of staleness.
They represent, or ought to represent, the settled opinion of the com-
munity, as to when there should be an end of litigation, and are there-
fore more reliable than the views of a judge, applied (perhaps) to
a peculiar situation.

The fact that local jealousy forbids a West Virginia corporation
to plead the New York statute in a New York court does not prove

that the demand in suit is any less stale than it would be if advanced against a citizen of the state. It shows no more than that a sort of punishment is meted out to those who insist on doing business under corporate form, without submission to the corporation laws of this state.

The inquiry in this court is therefore, not what a New York court would do mutatis mutandis, but whether the claim is stale under local law, without regard to personal disabilities locally affecting the party alleging staleness. It follows that the New York statute of limitations furnishes the proper analogy. Southard v. Brady (C. C.) 36 Fed. 560.

That statute, as construed in Aultman v. Syme, supra, measures six years, by including the day on which the cause of action arose. Professional opinion has probably agreed with Cullen, C. J., rather than with the majority of the court, in respect of this point; but it is now the settled law of·the state, and if, as remarked in Southard v. Brady, supra, "the local statutory period of limitation" is the measure of time, it is impossible (under familiar rules) to deny that repeated decisions of the highest state court interpreting a statute are a part of the statute for the purposes of this case.

In the absence of other limitations, those of the lex fori apply. Whitman v. Citizens' Bank, 110 Fed. 503, 49 C. C. A. 122. The lex fori in this case includes the New York statute, which must be read in the light of the views of the highest court of the state.

It follows that the six-year period began April 3, 1903, and expired April 2, 1909; that the claim is stale; and the libel must be dismissed, with costs.