## LINCOLN v. CUNARD S. S. CO.

(Circuit Court of Appeals, Second Circuit. February 9, 1915.)

### No. 73.

1. SHIPPING ⬅82—LIABILITY FOR TORTS—INJURY TO BARGE MASTER BY DISCHARGING STEAM.

A steamship, which suddenly and without warning discharged steam and hot water from an exhaust pipe upon the master of a barge, who was making fast alongside for the purpose of delivering coal to the ship, *held* chargeable with gross negligence, which rendered the owner liable for the injury.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 341, 346, 352; Dec. Dig. ⬅82.]

2. ADMIRALTY ⬅34—ACTIONS—LACHES.

Where there is nothing exceptional in a case, a court of admiralty will be governed by the analogies of the common-law limitation.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 316–321; Dec. Dig. ⬅34.]

3. SHIPPING ⬅86—ACTION FOR PERSONAL INJURY—LACHES.

Within the time prescribed by the statute of the state, an action at law to recover for personal injuries inflicted by a steamship was brought against the owner in a federal court in New York. From various causes not chargeable to the fault of plaintiff, the cause was delayed for more

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

than two years, when it was dismissed for want of jurisdiction, without prejudice; it having been learned that both parties were subjects of Great Britain. A new action in admiralty was commenced at once. *Held*, that the case was so far exceptional that libelant would not be charged with laches to defeat the suit, especially in view of Code Civ. Proc. N. Y. § 405, which provides that when an action, commenced within the time limited by the statute, is terminated without the fault of plaintiff or a trial on the merits, a new action may be commenced within one year.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 343, 353–360; Dec. Dig. ☜86.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, holding respondent liable for personal injuries sustained by libelant as a result of a discharge of steam from the side of the steamship Slavonia while lying at her pier in the port of New York.

For opinion below, see 217 Fed. 84.

Lord, Day & Lord, of New York City (Howard Mansfield, Lucius H. Beers, and Allen Evarts Foster, all of New York City, of counsel), for appellant.

William H. L. Lee, of New York City (Alexander Cameron, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. [1] Libelant was in charge of the barge Harsimus, owned by the Berwind-White Coal Company, which was delivering coal to the steamer. The barge was placed alongside of the steamer, made fast as was supposed at the bow, and Fill was engaged in making fast at the stern when some one called to him that his bow line was rendering. He at once hurried along the deck to the forward bitt, and while there engaged with the line, suddenly and without warning there was thrown upon him out of an exhaust orifice in the side of the steamer a discharge of steam and boiling water, which knocked him down and scalded him, producing severe injuries.

The complaint averred that it was the custom in the port of New York to protect these outlets for steam and hot water in some way, but that is unimportant. The requirements of ordinary care and prudence would impose upon defendant the duty of so managing discharges of such dangerous substances from the side of its vessels as not to throw them suddenly and without warning on the deck of other vessels, brought alongside at respondent's request, endangering persons engaged thereon in legitimate occupations. As the District Judge held, this is a case of res ipsa loquitur, and in the absence of any explanation on behalf of the steamship the necessary conclusion is that some one in respondent's employ was negligent—indeed grossly negligent—in thus exposing the libelant to serious injury without warning him of what was to be done. No contributory negligence by libelant is shown, or indeed suggested.

It is contended that the laches of the libelant has been such as to defeat recovery in this proceeding. The accident causing the injuries

occurred November 8, 1908. The libel was served June 23, 1913. This was 4 years, 7 months, and 15 days after the cause of action arose. The New York Code of Civil Procedure provides that an action to recover damages for personal injuries must be commenced within 3 years after the cause accrued. It further provides:

Section 405: "If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits; the plaintiff, or, if he dies, and the cause of action survives, his representative, may commence a new action for. the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination."

[2] The rule in courts of admiralty is that, where there is nothing exceptional in the case, the court will govern itself by the analogies of the common-law limitations. Southard v. Brady (C. C.) 36 Fed. 560; Davis v. Smokeless Fuel Co., 196 Fed. 753, 116 C. C. A. 381. The libel having been filed more than a year and a half after the period fixed by the statute had expired, the question presented is whether the circumstances are so exceptional as to justify the court in holding that there was no such laches as to her relief. The respondent contends that there is nothing exceptional in the facts, and that libelant's laches has been such as to put the case out of court.

[3] It appears that within two years after the accident an action at law was begun in the United States Circuit Court of the Southern District upon the assumption that Fill was a citizen of New Jersey and that a diversity of citizenship existed. It was supposed that Fill had become naturalized. This was found to have been error, and the common-law action was dismissed, without any investigation of the merits, on the ground that both plaintiff and defendant were citizens of Great Britain. The dismissal of the action was by the judgment of the court expressly stated to be without prejudice to the plaintiff's right to proceed in admiralty. The action was submitted by stipulation of the facts on the question of jurisdiction and citizenship only, and was decided by the court without a jury on April 22, 1913. The libel was filed 14 days after the judgment of dismissal in the common-law case. In substance this was merely a transfer of the controversy from the common-law to the admiralty side of the same court; the Circuit Court having merged in the District Court January 1, 1912.

One year after the accident the libelant's lawyer took up the libelant's claim with the lawyers of the respondent, and it does not seem to have been finally ascertained that the respondent would not settle the claim without litigation until August, 1910. Thereupon in October of that year the common-law action was commenced. The delays in bringing on the action for trial were due to a variety of causes, extensions of the time to answer, slow progress of the calendar, illness of the judges, negotiations and correspondence looking to a settlement, illness of a material witness, abolition of the Circuit Court and transfer of the action to the District Court, the serious illness of a near relative of libelant's counsel, and some of the delays were caused by the respondent. Without going further into the matter, the conclu-

sion we have reached is that the circumstances may be regarded as exceptional, and that libelant's conduct does not amount to laches, especially in view of section 405, supra.

We do not think the damages ($5,871) were excessive. Even if it be concluded that the subsequent paralysis was not connected with the injuries by satisfactory proof, cash damages amounting to nearly $3,-000 were proved, and the pain and suffering from injuries such as these during the four months following the accident, and a permanent minor injury, might well warrant the increase above that sum which the District Judge assessed.

The decree is affirmed, with interests and costs.