## ROSINSKI v. CONNERS et al.

District Court, W. D. New York. June 25, 1927.

Seamen ⬳29(5)—At his election seaman may maintain suit in admiralty for personal injury, to which limitation of action at law does not apply (Merchant Marine Act 1920 [46 USCA § 56]; Federal Employers' Liability Act [45 USCA § 56]).

The provision of Merchant Marine Act 1920, § 33 (46 USCA § 688 [Comp. St. § 8337a]), giving a seaman the right, at his election, to maintain an action at law for damages for personal injury, in accordance with federal Employers' Liability Act, does not exclude his right to proceed in admiralty for indemnity, and to such suit the limitation of two years prescribed by section 6 (45 USCA § 56 [Comp. St. § 8662]) does not apply.

In Admiralty. Suit by Nicholas Rosinski against William J. Conners, Sr., and the Great Lakes Transit Corporation. On exceptions to libel. Overruled.

Phillies & Weil, of Buffalo, N. Y. (Elmer R. Weil, of Buffalo, N. Y., of counsel), for libelant.

Brown, Ely & Richards, of Buffalo, N. Y., for respondents.

HAZEL, District Judge. This is a libel in personam against the Great Lakes Transit Corporation, owner of the steamer Superior, and William J. Conners, Sr., who has not been served with process, to recover damages for personal injuries sustained while engaged as a stevedore in unloading cargo, and on account of negligence of the ship in its failure to provide a safe place to work, and her unseaworthiness.

Exceptions to the libel have been filed by respondent, on the ground that under section 33 of the Merchant Marine Act of June 5, 1920 (46 USCA § 688 [Comp. St. § 8337a]) the statute of limitations of two years, prescribed by the federal Employers' Liability Act (45 USCA § 56 [Comp. St. § 8662]), alone applies, and, since the injuries were sustained on December 6, 1923, and the libel filed on December 4, 1926, the two-year period of limitation has expired and the action is barred.

On the authority of International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. 157, it is contended that libelant was a seaman and his right of action is controlled by the Merchant Marine Act, which incorporates the right to proceed under the federal Employers' Liability Act and controls the period of limitation. Such undoubtedly would be the rule if the action had been brought to recover on the law side of the court, but section 33 of the Merchant Marine Act merely conferred the right, at the election of the seaman injured, to maintain an action for damages at law with the right of trial by jury. It does not apply to an action in admiralty for indemnity arising out of unseaworthiness of the ship or failure to maintain proper appliances appurtenant to the ship, or the recovery of maintenance and cure. A seaman has his right of election, under the new right provided by the Merchant Marine Act, or under the maritime law. Panama Railroad Co. v. Johnson, 264 U. S. 379, 44 S. Ct. 391, 68 L. Ed. 748. If, however, he elects to enforce his remedy at law with trial by jury, the two-year limitation wherein an action must be brought applies. The West Jester (D. C.) 281 F. 877; Hoof v. Pacific American Fisheries (D. C.) 284 F. 174.

The test is whether this action in personam indicates procedure according to the course of the common law, on the common-law side of the court, with a right to trial by jury, or on the admiralty side, with trial to the court. Panama Railroad Co. v. Johnson, 264 U. S. 379, 44 S. Ct. 391, 68 L. Ed. 748. The libel indicates a procedure against the owner of the vessel, because of her un-

seaworthiness and maintenance of an improper gangplank. Whether the libel is maintainable for an indemnity because of the "unsafe and unseaworthy condition of the vessel," or "by reason of the fault and negligence of the master and crew of said steamship," is a question that requires no determination at this time. See Carlisle Packing Co. v. Sandanger, 259 U. S. 255, 42 S. Ct. 475, 66 L. Ed. 927.

In Engel v. Davenport, 271 U. S. 33, 46 S. Ct. 410, 70 L. Ed. 813, cited by proctor for respondent, the action was brought in the state court to recover damages for the owner's negligence in furnishing the ship with a defective appliance. It was plainly an action at law under the Merchant Marine Act, and the Supreme Court ruled that such an action must be commenced within two years from the date the cause of action accrued; while here, though the libel contains incidental allegations of negligence in respect to faulty appliances, the gist of the libel seems to seek relief under the old maritime rules, rather than under the new remedy of the Merchant Marine Act.

The exceptions filed to the libel are dismissed, and respondent required to answer.