SUNDQUIST v. GRAY et al.

THE FRANK LYNCH.

No. 7210.

District Court, W. D. Washington, S. D.

Dec. 22, 1930.

Huffer, Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for claimants.

Lord & Moulton, of Portland, Or., for libelant.

CUSHMAN, District Judge (after stating the facts as above).

The question first to be considered by the court is as to the propriety of the exceptive allegations of the claimants and the resistance affidavits of the libelant.

Admiralty courts, within the sphere of their jurisdiction, act as courts of equity. Plummer v. Webb, Fed. Cas. No. 11,233, p. 893, decision by Justice Story; Benedict on Admiralty (5th Ed.) § 70.

Among the principles controlling courts of equity recognized and applied in admiralty are matters of estoppel and laches. Higgins v. Anglo-Algerian S. S. Co. (C. C. A.) 248 F. 386 at pages 387 and 389; Benedict on Admiralty (5th Ed.) §§ 70 and 470.

Whatever may be the propriety of exceptive allegations in admiralty, pleas of the statute of limitations and laches are in the nature of pleas in abatement. In equity, demurrers and pleas were abolished by rule 29 (28 USCA § 723), and it was further therein provided:

" * * * Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer; and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court. * * *"

Decision of Judge Hough in L. Littlejohn & Co., Inc., v. United States, 49 F. (2d) 467.

There would, therefore, appear to be no occasion for the court to attempt to determine in this case the question of laches upon affidavits in which the affiant states what he pleases and leaves unstated what he pleases. The exceptive allegations and resistance affidavits will not be further considered.

There remain the claimants' exceptions and further exceptions and motion to elect.

Claimants first except upon the ground of the bar of the two-year statute of limitations of the state of Oregon and section 33 of the Merchant Marine Act of 1920 (41 Stat. 1007, title 46, USCA § 688), and the three-year period prescribed by the laws of the state of Washington and for insufficiency of the excuses set out in the libel for such delay. These exceptions are overruled. Lincoln v. Cunard S. S. Co. (C. C. A.) 221 F. 622; The Alabama (C. C. A.) 242 F. 431; The Adour (D. C.) 21 F.(2d) 858 at page 860; Christianssand Shipping Co. v. Marshall (C. C. A.) 31 F.(2d) 686 at page 687; Stiles v. Ocean S. S. Co. (C. C. A.) 34 F. (2d) 627 at page 629.

Claimants, in support of their exceptions, have cited the case of Plamais v. The Pinar Del Rio, 277 U. S. 151, 48 S. Ct. 457, 458, 72 L. Ed. 827, in which it was said:

" * * * To subject vessels during all the time allowed by the statute of limitations to secret liens to secure undisclosed and unlimited claims for personal injuries by every seaman who may have suffered injury thereon would be a very serious burden. One desiring to purchase, for example, could only guess vaguely concerning the value. 'An act to provide for the promotion and maintenance of the American merchant marine' ought not to be so construed in the absence of compelling language. * * *"

This case, however, was one brought not on account of unseaworthiness of the vessel, for it is therein stated:

" * * * He was being hoisted up to paint the smoke stack; a rope broke; he fell to the deck and sustained serious injuries. The accident resulted from the negligence of the mate, who selected a defective rope. An abundant supply of good rope was on board. * * *

The record does not support the suggestion that the Pinar Del Rio was unseaworthy. The mate selected a bad rope when good ones were available. * * *"

Claimants have also filed separate and further exceptions. These the court deems do not require discussion. Each one of them will be overruled.

Claimants also move for an order requiring libelant to elect whether he will seek to obtain recovery on account of unseaworthiness or of negligence, and that libelant amend his libel and eliminate allegations material to the theory and cause of action abandoned by him in making such election.

As disclosed by article VII, supra, the negligence of which complaint is made is not negligence separate and apart from unseaworthiness.

The motion will be denied.