## THE SYDFOLD.
### No. 14649.

District Court, E. D. New York.

Oct. 11, 1935.

Ralph Atkins, of New York City, for libelant.

Haight, Smith, Griffin & Deming, of New York City, for claimant.

GALSTON, District Judge.

The claimant excepts to the libel on the grounds that the action is barred by a statute of limitations, and on the ground that the libelant has been guilty of laches in failing to proceed.

The libelant alleges that the decedent died as the result of injuries sustained by him while in performance of his duties as a longshoreman working on the steamship Sydfold, owing to the negligence of the master and the crew of that vessel. He died on December 9, 1932. The libel was not filed until June 27, 1935.

While a statute of limitations is not strictly a bar in admiralty, there is no sufficient reason why it should not be followed therein as in courts of equity. Nolte et al. v. Hudson Navigation Co. et al. (C. C. A.) 297 F. 758, 764. In

that case Judge Rogers wrote that while it is true that in numerous cases it had been held in earlier cases which he cited that a state statute of limitations does not apply to maritime liens, nevertheless he added: "But statutes of limitations are no longer regarded with disfavor. On the contrary, they are regarded with favor as being in the interest of justice. They are statutes of repose, and are enacted to compel parties to commence actions promptly. They are enacted, as Judge Lacombe explained in Southard v. Brady (C. C.) 36 F. 560, so 'that debtors shall not be obliged to take care forever of their acquittances, or alleged debtors of the evidence which may enable them to defeat the claims advanced against them.' They are founded upon public policy; and while a statute of limitations is not strictly a bar in admiralty, it has been thought that there is no sufficient reason why it should not be followed in admiralty, as it is also in the courts of equity. Scull v. Raymond (D. C.) 18 F. 547, 553; Southard v. Brady (C. C.) 36 F. 560; Davis v. Smokeless Fuel Co. (D. C.) 182 F. 1004; Davis v. Smokeless Fuel Co., 196 F. 753, 116 C. C. A. 381; Lincoln v. Cunard S. S. Co., 221 F. 622, 624, 137 C. C. A. 346."

· Section 130 of the Decedent Estate Law of the State of New York (Consol. Laws, c. 13) reads: "The executor or administrator duly appointed in this state, or in any other state, territory or district of the United States, or in any foreign country, of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. Such an action must be commenced within two years after the decedent's death. When the husband, wife or next of kin, do not participate in the estate of decedent, under a will appointing an executor, other than such husband, wife or next of kin, who refuses to bring such action, then such husband, wife or next of kin shall be entitled to have an administrator appointed for the purpose of prosecuting such action for their benefit."

The limitation of two years referred to therein is sought to be avoided because of section 19 of the Civil Practice Act of the State of New York, which recites: "If, when the cause of action accrues against a person, he is without the state, the action may be commenced, within the time limited therefor, after his return into the state. If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for the space of one year or more, or if, without the knowledge of the person entitled to maintain the action, he resides within the state under a false name, the time of his absence or of such residence within the state under such false name is not a part of the time limited for the commencement of the action. But this section does not apply while a designation made in pursuance of law of a resident of the state on whom a summons may be served for another person or corporation remains in force. Nor does this section apply while a foreign corporation has had or shall have one or more officers in the state on whom a summons for such corporation may be served."

■ It is urged that the vessel is of foreign registry and that its owners have never been residents of the state, but it nowhere appears, either in the complaint or in any affidavit in opposition to the motion, that facts exist which would make section 19 of the Civil Practice Act operative in the circumstances of this case. On the contrary, the supporting affidavit of the claimant discloses arrivals of the steamer in American ports, including the port of New York, on thirty-eight occasions, from the period of November 7, 1932, to June 8, 1935. The first exception must, therefore, be sustained.

■ The second exception relates to laches, and here the claimant's affidavits disclose a serious predicament resulting from the failure of the libelant to institute the action within the statutory period, for it appears that the only officers or members of the crew of the Sydfold who were aboard the vessel on the day of the alleged accident and who are still with the vessel are the master, the chief engineer, and the former third officer, and that none of those persons was an eyewitness to the accident. Moreover, the master has no information as to

the present whereabouts of the other officers, engineers, or members of the crew. This exception is likewise sustained. Settle order on notice.