## THE SYDFOLD.
### No. 69.

Circuit Court of Appeals, Second Circuit.
Nov. 30, 1936.

Ralph Atkins, of New York City, for libelant-appellant.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for claimant-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from a decree dismissing a libel against the steamship Sydfold brought under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. § 901 et seq., 33 U.S.C.A. § 901 et seq.) to recover for injuries received by libelant's intestate which resulted in his death. The libel was dismissed on the ground that the cause of action was barred by the New York statute of limitations, which the trial judge applied by analogy, and also by laches. While the longshoreman died on December 9, 1932, and the libelant was appointed administrator March 29, 1933, the libel was not filed until June 28, 1935, two years, six months, and nineteen days after his death, and about two

years and three months after letters of administration issued.

Section 130 of the Decedent Estate Law of the State of New York (Consol.Laws, c. 13) reads as follows:

"§ 130. *Action by Executor or Administrator for Negligence or Wrongful Act or Default Causing Death of Decedent.* The executor or administrator duly appointed in this state, or in any other state, territory or district of the United States, or in any foreign country, of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. Such an action must be commenced within two years after the decedent's death. When the husband, wife or next of kin, do not participate in the estate of decedent, under a will appointing an executor, other than such husband, wife or next of kin, who refuses to bring such action, then such husband, wife or next of kin shall be entitled to have an administrator appointed for the purpose of prosecuting such action for their benefit."

■ The New York statute of limitations would, on its face, seem to bar the remedy which libelant seeks to enforce, and courts of admiralty will customarily apply a common-law statute of limitations by analogy. Nolte v. Hudson Nav. Co. (C.C.A.) 297 F. 758; Lincoln v. Cunard S. S. Co., 221 F. 622 (C.C.A.2); Davis v. Smokeless Fuel Co., 196 F. 753 (C.C.A.2).

■ While the state statute in terms provides for a two-year limitation for actions "against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued," by analogy it would seem to be equally applicable where the causes of action asserted are in rem as in case of libels against vessels.

■ The applicability of the two-year statutory bar and laches on the part of libelant was raised by exceptions to the libel. It is argued on appellant's behalf that the statute of limitations could only be invoked by answer and not on exceptions. But, when a bill in equity or a libel sets forth facts which show that the statute has run, a defendant may take advantage of the statute by demurrer or on exceptions. The same rule applies to bills of complaint or libels where it appears on the face of the pleadings that the party bringing suit has been guilty of laches. Mercantile National Bank v. Carpenter, 101 U.S. 567, 25 L.Ed. 815; Lansdale v. Smith, 106 U.S. 391, 1 S.Ct. 350, 27 L.Ed. 219; Chemung Canal Bank v. Lowery, 93 U.S. 72, 23 L.Ed. 806; Hays v. Port of Seattle, 251 U.S. 233, 238, 40 S. Ct. 125, 64 L.Ed. 243; Young v. Southern Pac. Co., 34 F.(2d) 135, 137 (C.C.A.2); Westfall Larson & Co. v. Allman-Hubble Tug Boat Co. (C.C.A.) 73 F.(2d) 200; Stampalia v. Murphy, 34 F.(2d) 660, 661 (D.C.Pa.)

■ In the present case, so far as the facts pleaded indicate, the libelant had no cause of action. If there were any facts which would toll the statute of limitations or show that the libelant was not guilty of laches in failing to bring suit within the two-year period, he should have pleaded them. Even in actions at law, in some states if a plaintiff pleads facts showing prima facie that the statute of limitations has run and the pleading is attacked on demurrer, he will fail and has no recourse except to obtain leave to file an amended declaration and set forth therein facts showing that the statute was tolled. Chemung Canal Bank v. Lowery, 93 U.S. 72, 76, 23 L.Ed. 806. We think that the same rule should apply in equity and admiralty in cases where the bill or libel indicates on its face that the claim is barred.

■ For the above reasons we are of the opinion that the court below properly sustained the exceptions and that accordingly the libel was rightly dismissed. It is to be remembered, however, that the libelant might have been able to furnish proof of facts that would have tolled the statute or excused his apparent laches, or accomplished both things. We think that he should not be precluded from setting them forth in a new pleading.

■ It is true that, if the facts stated in the uncontradicted affidavits filed by the claimant be treated as admitted by the libelant, he would seem to have no case. Mack v. Mendels, 249 N.Y. 356, 363, 164 N.E. 248, 61 A.L.R. 386. But the method adopted by the claimant of trying in affidavits the question whether the statute of limitations had run or there was fatal laches on libelant's part before the suit was brought is quite out of accord with established principles. One of claimant's assignments of er-

ror is directed to this unusual method of disposing of issues of fact. Such a practice cannot be sanctioned in admiralty where there is no rule resembling that in force in New York (New York Rules of Civil Practice, rule 113), and in some other jurisdictions which authorizes summary judgment. Sundquist v. Gray, 48 F.(2d) 638, 639 (D.C.Wash.).

The decree dismissing the libel is affirmed, but with the right to libelant to file an amended libel within a time to be fixed by the District Court.