## THE VEMA.
## HUBERTZ v. VETLESEN.
### No. 15554.

District Court, E. D. New York.
March 20, 1939.

Bigham, Englar, Jones & Houston, of New York City (John L. Quinlan, of New York City, of counsel), for claimant.

Saul B. Ackerman, of New York City, for libellant.

CAMPBELL, District Judge.

This is a hearing on exceptions to the first cause of action, alleged in the libel herein.

This is a suit in rem, in Admiralty, to recover on two causes of action, the first for indemnity for personal injuries, and the second for wages.

In the first cause of action, it is alleged that on or about the 10th day of April, 1935, while the Yacht "Vema" was alongside her pier at the foot of 23rd Street, Brooklyn, New York, the libellant, while performing his duties as a member of the crew of the "Vema", and while engaged in making fast a main sail, together with other members of the crew, and pursuant to orders negligently given, was struck by the main sail and thrown from the boom on which he was standing and precipitated against the boom, causing him to sustain severe bodily injuries, all to his damage in the sum of $2,000.

In the second cause of action, it is alleged, that on the 5th day of July, 1935, while the "Vema" was docked in the port of Hanko, Norway, the libellant, was discharged without cause and justification and, that there was not paid him salary in the sum of $160, due him, under the contract of employment entered into between him and the claimant, on the 6th day of April, 1935.

Claimant answered the second cause of action.

The time alleged in the first cause of action, on which the injuries are alleged to have been sustained, is April 10th, 1935.

This suit was not commenced until December 15th, 1938, which was more than

three years and eight months after the injuries were alleged to have been received.

Claimant filed the following exception to the first cause of action of the libel:

"First: That it appears on the face of the libel that the bringing or maintaining of this action is barred by the provisions of Section 688 of Title 46 of the United States Code Annotated and by the provisions of the Statutes of the United States referred to therein and incorporated therein by reference.

"Second: That it appears on the face of the libel that the bringing or maintaining of this action is barred by the Statute of Limitations of the State of New York, Civil Practice Act of the State of New York, Section 49, Subdivision 6.

"Third: That it appears on the face of the libel that the bringing or maintaining of this action is barred by laches."

Section 49, Subdivision 6, of the Civil Practice Act of the State of New York, referred to in the exceptions, reads:

"§ 49. Actions to be commenced within three years. The following actions must be commenced within three years after the cause of action has accrued.
* * * * * * * * * * *
"6. An action to recover damages for an injury to property, or a personal injury, resulting from negligence."

The objection, that the claim is barred by the Statute and by laches, is properly taken by exception. Westfall Larson et al. v. Allman-Hubble Tug Boat Co., 9 Cir., 73 F.2d 200; The Sydfold, 2 Cir., 86 F.2d 611; United States v. Alex Dussel Iron Works, Inc., 5 Cir., 31 F.2d 535; The Seminole, D.C., 42 F. 924.

The exceptions perform the functions of demurrer. The Underwriter, D.C., 6 F.2d 937.

Affidavits may not be considered on such a motion but the same must be considered on the libel. Prince Steam-Shipping Co. v. Lehman et al., D.C., 39 F. 704, 5 L.R.A. 464. The Sydfold, supra.

There is a presumption of prejudice where the Statutory period has run. Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551.

The Statute of the forum not that of the place where the accident occurred, should be followed. Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., supra.

Exceptional circumstances can excuse delay in bringing suit, but the facts and circumstance which would be sufficient to excuse the delay must appear in the pleadings. The Sydfold, supra; Westfall Larson & Co. et al. v. Allman-Hubble Tug Boat Co. et al., supra.

It is not a circumstance that will excuse delay that the libellant is a seaman. Marshall v. International Mercantile Marine Co., supra.

Neither will the fact that libel is one in rem suffice, in itself, to excuse delay in bringing the suit. The City of Atlanta, D.C., 17 F.2d 311.

While it is true that there are no Statutes of Limitations in Admiralty, the Courts of Admiralty will customarily apply a common-law Statute of Limitations by analogy.

Libellant contends that the question of laches should be held in abeyance until the parties can be heard after trial and cites the following cases, as authority in support thereof. The Adour, D.C., 21 F.2d 858; Rosinski v. Conners, D.C., 21 F.2d 591; Sundquist v. Gray et al., D.C., 48 F.2d 638, 639.

These cases were all decided before the decision in the case of The Sydfold, supra.

In the case of The Adour, supra, and also Rosinski v. Conners, supra, the New York State Statute of Limitations had not elapsed or run before the suit was commenced; and that fact undoubtedly had weight in the decision of the Court, and distinguishes from The Sydfold, and the instant suit.

In Sundquist v. Gray, supra, the Court held that if exceptional circumstances were shown in the libel, excusing the delay, the exceptions filed, should not be sustained.

That is the rule contended for by the claimant but it is not in point in the instant case, as in the libel herein no excuses are made or shown.

The exceptions of the claimant to the first cause of action, are sustained.

Settle order on notice.