## REDMAN v. UNITED FRUIT CO.

No. 82, Docket 21798.

United States Court of Appeals
Second Circuit.

Argued Nov. 10, 1950.

Decided Dec. 1, 1950.

Nathan Baker, Hoboken, N. J., for John J. Redman, Libellant-Appellant; Nathan Baker, Hoboken, N. J., and Anthony J. Randolph, New York City, Advocates.

Glenney, Mathews & Hampton, and Michael A. Hayes, all of New York City, for United Fruit Company, Respondent-Appellee; Walter L. Glenney, New York City, Advocate.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The libellant sued to recover for injuries which he suffered on July 25, 1944, through the collapse of a wooden scaffold on the Steamship Leonatus. The suit was originally brought against the United States, the War Shipping Administration, the Danish Ship Operating Corporation, the Chelsea Ship Repair Company, respondents, and Robert Banks & Co., impleaded respondents. More than three years after the accident the Turbine Engineering Corporation and United Fruit Company were brought in as additional respondents.

Judge Bondy, who presided at the original trial, dismissed the libel on the merits except as against the Turbine Engineering Corporation and the United Fruit Company, and dismissed it against the latter two because of libellant's laches in not bringing them into the suit until some four months after the New York statute of limitations had expired. Redman v. U. S., D. C., 86 F.Supp. 41. On appeal this Court held, in an opinion by Judge Swan, that the evidence was such as to justify the inference that the insecure condition of the scaffold from which the libellant fell and suffered injuries was caused by the handling of the mooring lines when the vessel was being shifted by the United Fruit Company and longshoremen acting under its orders.

In accordance with our practice in such cases, we followed the local statute of limitations by analogy, but remanded the cause for further consideration of the defense of laches because as Judge Swan said: "the laches point was not suggested by any one until after the libellant had rested; * * * Had it been raised sooner conceivably the libellant might have been able to furnish proof of facts that would have tolled the statute of limitation or excused its apparent laches." Redman v. U. S., 2 Cir., 176 F.2d 713, 716.

When the cause came up for consideration after the order remanding it, Judge Ryan, who presided at the trial, found that "libellant suffered and sustained his injuries solely by reason of the negligence of the respondent, United Fruit Company" and thus adopted the conclusion reached in

Judge Swan's opinion which we have referred to above.

The only issue before us is whether the libellant has shown special circumstances excusing his delay in bringing suit until after the statute of limitations had run, or has proved that no detriment resulted to United Fruit Company by reason of the delay. We think that he has furnished no sufficient excuse for his delay in bringing suit. Such was the view of Judge Bondy and of Judge Ryan, and our own conclusion on the former appeal.

The question remains whether the United Fruit Company has been shown not to be prejudiced by the delay. Judge Ryan adverted to the fact that the United Fruit Company had notice of the accident in August, 1944, two months after it had occurred, but he added: "I cannot find that coupled with such notice there was any indication that it was to be held liable or responsible for the accident, or that it was going to be claimed that it was at fault." Indeed, no such claim was made by the libellant until November, 1947, when he filed the petition bringing the United Fruit Company in as a party-respondent. While it is possible that the United Fruit Company may have learned from some of the other respondents, or from the latter's investigators, that a claim might be made against it, and while it knew as early as 1946 that its own longshoremen had been handling the mooring lines for the ship shortly before the accident, it was not shown to have known that it was to be sued, or indeed that it was in any way responsible, for the libellant's injuries. We cannot say that in the circumstances disclosed it was incumbent on the United Fruit Company to be more diligent than it was in ascertaining before the statute of limitations had run what its longshoremen knew about the accident.

The libellant further argues that United Fruit Company would have been in no different position as regards the availability of its witnesses if the libel had been filed more promptly than it was. In respect to that contention, Judge Ryan said:

"* * * A letter of June, 1946 from counsel for respondents, United States, War Shipping Administration and Danish Ship Corp., in which information concerning available witnesses was solicited from this respondent was introduced in evidence by libelant, as was respondent's answer that the names of such witnesses were no longer available. * * * Counsel for respondent testified, however, that after being named as respondent the names of these witnesses were procured from its files, but that when he interviewed them, nearly four years after the accident—they remembered nothing of the accident. (It might be added that these were probably the only persons who could give respondent the facts concerning the accident.)"

The evidence on this point is far from clear, but it may be libellant has succeeded in showing that United Fruit Company went through the same investigation in 1946 that it did in 1948. One might well read the evidence as meaning that at both times United Fruit Company was able to obtain a list of the men employed at the dock on the morning of the accident, but was unable to ascertain from its records or their recollection which of them had worked on the mooring lines. Indeed, the only information requested of United Fruit Company in 1946 was the names of the "men who were handling the lines." But even on this view of the evidence, libellant has not satisfied the burden required by way of excuse before a court of equity may refuse to follow the local statute of limitations. To sustain the burden the evidence must clearly rebut any detriment to the respondent resulting from libellant's delay. The most that libellant has shown is that some two years after the event respondent's employees, who were possible witnesses, had flagging memories of what occurred. That should hardly surprise anyone, and were it taken as sufficient to negative any detriment to United Fruit Company it would be simple indeed to avoid the bar of the statute. In our opinion the fact that libellant's delay had already begun to operate on the memory of respondent's potential witnesses before the statute had run does not justify overlooking his delay in asserting his claim past the period of the statute.

The decree dismissing the libel is affirmed.