**CLEARY BROS., INC., Cross-Libellant,**

v.

**BOSTON INSURANCE COMPANY, Cross-Respondent.**

**No. 20781.**

United States District Court E. D. New York.

Sept. 25, 1959.

Foley & Martin, New York City, for cross-libellant, Edward J. Ryan, New York City, of counsel.

Macklin, Speer, Hanan & McKernan, New York City, for cross-respondent.

Maurice F. Beshlian, New York City, of counsel.

BYERS, District Judge.

These exceptions bring into question the legal sufficiency of a cross-libel filed June 12, 1959 in view of the lapse of time after July 25, 1951 (nearly eight years) when the cause is alleged to have arisen, and the said filing date.

The original cause bears the file number A–20223, and has to do with the failure of this cross-libellant Cleary Bros., to deliver a cargo of coal, the property of C. H. Sprague, Inc., laden at Pier 18, C.R.N.J. on July 24, 1951 to the Board of Transportation of the City of New York.

The carrying barge John J. Smith sank on the following day, before the contract of carriage had been performed, and while the place of sinking does not appear in the papers on this hearing, it is assumed to have been near to or at the pier where delivery was to be made.

The libel in that cause was filed March 23, 1954 and the answer and impleading petition referred to below, on March 7, 1955.

It was stated at this argument that the barge was overloaded by better than one hundred tons, her capacity being one thousand tons. It was also stated that thereby her seams opened, which caused the sinking. These factual matters do not enter into this decision, and are tentatively alluded to merely to explain what is thought to be the nature of the cause as set forth in Cause No. 20223, which has been restored to the calendar for trial, after having been marked "Settled" by order of discontinuance filed October 30, 1958. That order was vacated for failure to perform, by motion granted March 4, 1959.

The Boston Insurance Company, being the insurer of Sprague, became subrogated to the status of the latter, upon payment of the loss, which explains its presence in both causes.

It will be convenient to refer to Sprague as though it were in each case, for the questions for decision turn upon the respective rights of the owner of the cargo and the carrier. It is proper to add that the carrier impleaded the Central Railroad of New Jersey as above stated, in the earlier cause for negligently overloading the barge John J. Smith. That again does not affect these exceptions, but tends to bring the second cause into an understandable relation to the first.

The cross-libel in No. 20781 was therefore filed over four years after the answer in No. 20223, and only after the agreed to settlement of that cause had failed to come to fruition.

The precise cause as pleaded in the Tenth Article is:

"Tenth: Subsequent to the sinking of the barge John J. Smith,[1] cross libellant made certain sacrifices of a general average nature and incurred various general average expenses and special charges on cargo which resulted in the preservation of cargo on board said barge."

The following Articles allege that the cargo insurer received the benefit of the said expenses whereby the carrier is entitled to recover from cargo (its insurer) $6,122.66 "representing its proper share of the expenses necessarily incurred for the benefit of the cargo on board the barge John J. Smith" whereby a decree is sought for payment "of its just claim with interest and costs, etc."

If the pleading is understood, a cause in general average is set forth, and not for salvage, although the latter subject has been somewhat argued.

The right to recover for general average contribution where the burden of a stated loss is distributed among all interests held to have benefited by a given sacrifice, is entirely a concept of the admiralty.

It may be defeated if the assertion of the claim can be fairly seen to be barred

1. On July 25, 1951, as stated in Article Ninth.

by laches as distinguished from the running of a given statute of limitations.

These exceptions challenge the libel because the facts as alleged show that the claim is for reimbursement of expenses made subsequent to the sinking which constitutes salvage expenses which under Title 46 U.S.C.A. § 730, limits the time for salvage suits to two years.

Further, "Since libellant has not shown special circumstances excusing the delay, the suit is barred by laches in accordance with § 48(1) of the C.P.A., the New York Statute of Limitation (6 years) if the suit is based upon contract and/or § 49 of the C.P.A. * * * (3 years) if the suit is based upon tort."

■ Further, that since the insurer was not a party to the contract of carriage, no true cause is pleaded against it. The answer to this is obvious: the insurer's claim asserted in its libel in No. 20223 is the same in all legal respects, as that of the owner of cargo, along with the burdens as well as the benefits.

■ Nor does it seem that the carrier's cause can be written off by characterizing it as one for salvage, and thus rendered subject to the application of statutory limitation.

The carrier asserts a general average claim, which if it had a legal inception, arose on or about July 25, 1951. As has been said, when its answer in No. 20223 was filed on March 7, 1955 it must be deemed to have been in possession for about four years of all the facts involved in the services of Merritt-Chapman in reclaiming the cargo of coal laden on the barge being the subject matter of this cross-libel. That knowledge did not evaporate during the frequent appearances of the earlier cause on the calendar, and the final settlement as agreed to in the order of October 30, 1958.

■ The claim pleaded in the cross-libel having arisen as a matter of law on or about July 25, 1951 should have been asserted against cargo at a time when the latter could have prepared itself to litigate the issue on the merits; at least facts should be pleaded to excuse the failure to follow that course. The Sydfold, 2 Cir., 86 F.2d 611, 612; Redman v. United States, 2 Cir., 176 F. 2d 713, 1949 A.M.C. 1518; Redman v. United Fruit Co., 2 Cir., 185 F.2d 553, 1951 A.M.C. 63. As has been seen, no such facts are pleaded in this cross-libel.

The carrier cites Boston Ins. Co. v. City of New York, 1943 A.M.C. 94, to buttress its argument that the expenses incurred in recovering the portion of this cargo of coal that was recovered, constitute general average expenses.

I do not so read that case; the items there involved were not in dispute, and were incurred as the result of a collision.

Since it is the equities of the case that must be considered in connection with the subject of laches, it may be permitted to observe that in the opinion presently held, Cleary Bros., the carrier, may have expended certain sums of money as averred, not however for the joint benefit of cargo and carrier in circumstances calling for a sacrifice for the benefit of all concerned, but to enable it to perform its own contract of carriage which it had been prevented from doing by the sinking of its barge.

The sequence of events touching this second cause need not be further alluded to in discussing the equities of the case as they seem to this court.

Exceptions sustained on the ground of laches. Settle order.