## ELTING v. McDONNELL et al. (two cases).

### SAME v. FURNESS, WITHY & CO., Limited, et al.

District Court, S. D. New York.
July 17, 1933.

George Z. Medalie, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Delbert M. Tibbetts, of New York City, of counsel), for defendants.

FRANK J. COLEMAN, District Judge.

Motions to dismiss the complaints are granted unless within twenty days the plaintiff serves and files amended complaints.

Even granting plaintiff's contention that a proper construction of the condition of the bonds makes the defendants liable upon a determination by the commissioner of labor, it presupposes a valid determination; otherwise a determination, whether valid or invalid, would make the defendants liable without any possibility of review by the courts. The complaints do not allege the validity of the commissioner's determination nor state facts from which it may be inferred. So far as appears, it may have been entirely arbitrary and with-

out the slightest foundation. If it should be urged that there is a presumption of validity attached to the official act which can only be rebutted by affirmative proof to the contrary, it would seem to me contrary to wise policy to vest so highly penal a determination with a presumption of validity.

It would seem to me that the question of the statute of limitations, which is a pure matter of defense, cannot be raised on a motion addressed to the complaint. Even if the complaint itself should show that more than the statutory period elapsed before the bringing of the action, there may have been additional facts which would obviate the defense if it were pleaded, and I do not think it was necessary for the plaintiff to set forth those facts in the complaints in anticipation of the defense.

Settle orders on notice.