## THE CLEARY NO. 62.

## CLEARY BROS. v. CHRISTIE SCOW CORPORATION et al.

### No. A-17757.

District Court, E. D. New York.

Nov. 27, 1946.

William M. Smith, of New York City (Louis J. Lawrence, of New York City, of counsel), for libelant.

Foley & Martin, of New York City, for respondent.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Vincent A. Catoggio, of New York City, of counsel), for respondent-impleaded.

BYERS, District Judge.

This is a motion by respondent-impleaded to dismiss the libel and an impleading petition, as being barred by the Statute of Limitations; what is probably meant is that the libelant and respondent are shown to have been guilty of laches, as to which the New York State 3-year Statute of Limitations should govern. Civil Practice Act, § 49.

The libel is by the owner of the scow Cleary No. 62 against the Christie Scow Corporation, which alleges ownership and charter of the scow to Christie on July 22, 1942, "the scow to be returned by it in the same condition * * *", and return on August 21, 1942, in damaged condition, not due to wear and tear.

Separately, it is alleged that the damage was due to the negligence of the respondent, etc.

The impleading petition alleges re-charter on July 21, 1942, to the American South African Line, and its negligence if the scow was damaged.

The libel was filed January 15, 1946, nearly five months over three years after August 21, 1942.

The motion is based upon the decision in Schiavone-Bonomo Corporation v. Buffalo Barge Towing Corporation, 2 Cir., 132 F.2d 766.

The libelant seeks to avoid that holding on the theory that its cause is for breach of contract, as to which the New York Statute of Limitations is six years. Civil Practice Act, § 48.

An examination of the record and briefs in that cause, which has been rendered possible through the courtesy of one of the counsel therein, reveals that there the libelant pleaded and sought to rely upon a

written contract, but without avail. The subject of the bailment there was cargo, and here it was a scow, as to which the cases of Alpine Forwarding Co. v. Pennsylvania R. Co., C.C., 60 F.2d 734, at page 735, and The Moran No. 10, D.C., 41 F.2d 255, may be consulted.

It seems unnecessary, however, to dismiss the libelant and respondent upon their pleadings, for the Court is without knowledge concerning possible circumstances which would excuse the delay in filing the libel, by less than five months beyond the 3-year period of the State Statute.

The latter establishes something less than an automatic rule for measuring laches, if the cases cited at page 767 of 132 F.2d in the opinion relied upon are understood. See also Stiles v. Ocean S. S. Co., 2 Cir., 34 F.2d 627, at page 629.

There would seem to be present a situation that can best be dealt with as to laches in connection with the evidence, in light of all that may be developed touching conditions existing in this harbor during the war years, and the particular impact thereof upon this cause, if any there was.

Motion denied, but without prejudice to renewal at the trial. Settle order.