## SHAMROCK TOWING CO., Inc. v. PENNSYLVANIA R. CO. et al.

### THE ROBERT J. BURKE.

### THE HARRY R. CONNERS.

United States District Court
S. D. New York.
Dec. 31, 1948.

Alexander & Ash, New York City, for libellant.

Burlingham, Veeder, Clark & Hupper, New York City, for respondent The Pennsylvania Railroad Company.

Purdy, Lamb & Catoggio, New York City, for respondent-impleaded.

KAUFMAN, District Judge.

On July 10, 1945, a libel was filed by Shamrock Towing Company alleging a charter agreement of the scow "Robert J. Burke", whereby the Pennsylvania Railroad Company had obligated itself to return the scow to libellant upon the termination of the charter in the same condition as received, ordinary wear and tear excepted. The libel further set forth that the scow had been delivered to respondent in good condition, and that when returned she was in damaged condition not attributable to ordinary wear and tear, and prayed damages of $3,200. An answer to the libel was filed on August 16, 1946. Simultaneously a petition was filed under Admiralty Rule 56, 28 U.S.C.A., impleading the tug "Harry R. Conners", her owner Standard Towing Corporation, and The New York Central Railroad Company, alleging that the damage was caused through the negligence of the tug "Harry R. Conners" and/or the New York Central Railroad on the night of December 30-31, 1942. It further alleged a contract between Pennsylvania Railroad Company and the impleaded owner of the tug "Harry R. Conners", whereby the latter agreed to indemnify Pennsylvania Railroad Company with respect to the liability asserted against it by the libellant.

Standard Towing Corporation, on its own behalf and as claimant of the tug "Harry R. Conners" filed exceptions on the ground of laches.

■ The rule is well established that while there are no independent statutes of limitations for suits in Admiralty, the court, in determining a claim of laches in such cases, will be guided by the corresponding state law of limitations applicable to similar actions on land. Hughes v. Roosevelt, 2 Cir., 107 F.2d 901; The Sydfold, 2 Cir., 86 F.2d 611; Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551; Stiles v. Ocean S. S. Co., 2 Cir., 34 F.2d 627.

■ It was admitted upon the argument, and seems clear, that in so far as the petition seeks to implead Standard Towing Company on a theory of contractual indemnity, no showing of laches has been made since the state law establishes a six year statute of limitations in such actions. New York Civil Practice Act, § 48. Moreover,

from the point of view of contractual indemnity, there could be no assertion of the right by the indemnitee until the claim indemnified against had been made against it, at the very earliest. That did not occur here until the libel was filed on July 10, 1945.

Nor should respondent be required to amend its petition to assert only a claim on the alleged contract of indemnity.

■ In so far as the petition seeks to implead the "Harry R. Conners" and her owner as directly liable to libellant for the damage sustained by the scow "Robert J. Burke", the question of laches will depend upon the presence or absence of extenuating circumstances which excuse the delay. The Sydfold, 2 Cir., 86 F.2d 611; Schiavone-Bonomo Corp. v. Buffalo Barge Towing Corp., 2 Cir., 132 F.2d 766. This question is one more properly to be resolved by the trial court (Cleary Bros. v. Christie Scow Corporation, D.C., 68 F.Supp. 804; The Sydfold, supra), and should be reserved for decision there upon a full showing of all the relevant facts.

Exceptions to the petition are accordingly overruled, with leave to renew the exceptions upon the trial.

Settle order.