ARLINGTON W. SMITH, Plaintiff, *v.* DAVID E. SMUCKER et al., as Trustees in Reorganization of the Long Island Rail Road Company, et al., Defendants.

DAVID E. SMUCKER et al., as Trustees in Reorganization of the Long Island Rail Road Company, Third-Party Plaintiffs, *v.* AUGUST POSILLICO, Third-Party Defendant.

Supreme Court, Special Term, Nassau County, September 25, 1950.

*Van Orman & Harmon* for third-party defendant.

*Fowler & Kendrick* for plaintiff.

*Richard R. Bongartz* for third-party plaintiffs.

HOOLEY, J. Motion for an order pursuant to section 193-a of the Civil Practice Act, dismissing the third-party complaint herein on the ground that it fails to state facts sufficient to constitute a cause of action and will be prejudicial to the third-party defendant.

The plaintiff, an engineer on a Long Island Rail Road train, brought this action against the railroad and August Posillico and Dominick Toto to recover damages for personal injuries suffered by plaintiff. The defendants Long Island Rail Road Company and Toto, the driver of the truck, appeared in the action. Posillico, the owner of the truck was not served. It appears that the summons was mistakenly served upon another person in the belief that it was Posillico. The Statute of Limi-

tations has run as respects plaintiff's claim against Posillico. After the Official Referee had decided that Posillico had never been served in the action by plaintiff, the Long Island Rail Road Company, by a summons and the complaint which is now being attacked, brought in Posillico as a third-party defendant. The third-party complaint asks that in the event that plaintiff recovers a judgment against the Long Island Rail Road Company, it would have been brought about by the carelessness and negligence of said August Posillico and by reason thereof, the latter is liable over to the railroad company.

The moving party, Posillico, maintains that inasmuch as the claim of plaintiff against him is barred by the three-year Statute of Limitations, the Long Island Rail Road may not recover if plaintiff could not. In effect, it maintains that the three-year Statute of Limitations applies not only to plaintiff's claim but also to the third-party claim which limitation in each case is claimed to begin to run from the date of the accident.

An examination of the complaint of the plaintiff shows that it is alleged therein that on December 28, 1946, at about 4:30 o'clock in the afternoon, defendant Toto was driving a dump truck owned by defendant Posillico, which truck was drawing a semitrailer, which was so high that it collided with a trestle of the Long Island Rail Road, throwing the rails out of alignment and that at 4:50 o'clock in the afternoon of said date, the plaintiff operated a train over the trestle and the train was derailed causing the injuries. Negligence in driving and loading the truck was claimed against Toto and Posillico and it is claimed that the railroad was negligent in that it had knowledge of the dangerous condition created by the truck and that it failed to give warning or protect the plaintiff.

Thus, it will be seen that the complaint charges active negligence against Toto and Posillico and passive negligence against the railroad company.

At common law there was, as a general rule, no right to contribution as between wrongdoers (*Erie R. R. Co.* v. *Erie & Western Transp. Co.*, 204 U. S. 220). It is the law of New York that one is liable for his negligence not only to the person injured but also to one who, without fault, has been held responsible for that injury (*Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214).

In *Scott* v. *Curtis* (195 N. Y. 424, 428) the court said: "Where the liability rests upon two or more persons who are as against the person injured jointly liable for the injury the rule invoked by the defendants that the court should not interfere as between joint tort feasors is not applicable, where one of the two or more

persons chargeable with negligence is primarily liable therefor and the others are only liable by reason of their ownership of the property and not by reason of any negligence occurring by their active interposition or with their affirmative knowledge and assent.''

In *Eisenberg* v. *Kemp, Inc.* (256 App. Div. 698, 703) the court said: '' It was also error for the trial court to refuse to submit the issues between the two defendants to the jury. While no formal contract of indemnity was proved, yet the liability which results from the mere omission of a legal duty imposed by law is to be distinguished from that which results from personal participation in an affirmative act of negligence. (*Scott* v. *Curtis*, 195 N. Y. 424, 428; *Dunn* v. *Uvalde Asphalt Paving Co.*, 175 id. 214, 217; *Phoenix Bridge Co.* v. *Creem*, 102 App. Div. 354, 356; *Iroquois Gas Corporation* v. *International R. Co.*, 240 id. 432; *Birchall* v. *Clemons Realty Co., Inc.*, 241 id. 286.) ''

As to when the Statute of Limitations began to run as between the railroad company and Posillico, it is the rule that the period of limitation is computed in general from the time of the accruing of the right to relief to the time when the action is commenced by the service of a summons (2 Carmody on New York Practice, § 450, p. 721). However, the Statute of Limitations with respect to a third-party claim is not measured from the accrual of the plaintiff's original cause of action against the defendant (*Rieger* v. *Frankstram Realties*, 68 N. Y. S. 2d 243). The third-party cause of action herein is by way of indemnity to a defendant secondarily liable from a defendant primarily liable. It does not accrue until the actual payment by the third-party plaintiff of the judgment recovered against it (*Satta* v. *City of New York*, 272 App. Div. 782). However, under our practice, a third-party complaint may be served in a situation such as this even before the cause of action accrues to avoid a multiplicity of actions.

Mr. Justice WALSH, in *Rieger* v. *Frankstram Realties* (68 N. Y. S. 2d 243, *supra*) a somewhat similar case, pointed out the distinction between the situation involving the plaintiff and the defendant and that involving the defendant (third-party plaintiff) and the third-party defendant as follows (pp. 245–246): '' As a matter of fact, there are two wholly separate rights of action involved: one action is brought by the plaintiff against the defendant-owner to recover for personal injuries negligently caused, which action falls within the purview of the three-year period of limitation; the other is brought by the owner — as third party plaintiff — for indemnity which, being an action

founded on the principles of quasi-contract, is governed by the six-year period of limitation in accordance with the provisions of Section 48, subd. 1 of the Civil Practice Act (see generally *Wechsler* v. *Bowman,* 285 N. Y. 284 at page 294, 34 N. E. 2d 322, at page 327, 134 A. L. R. 1337.) ''

The six-year statute applies herein. The motion is in all respects denied.