## KETCHAM v. UNITED STATES.

No. 109 of 1951.

United States District Court
E. D. Pennsylvania.

Feb. 29, 1952.

————◆————

Freedman, Landy & Lorry, Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

KIRKPATRICK, Chief Judge.

This suit in admiralty was begun in May 1951, more than two years after the cause of action arose.

By amendment of December 13, 1950, the two year limitation of the Suits in Admiralty Act was extended to December 13, 1951, as to any suit "based upon a cause of action whereon a prior * * * action at law was timely commenced and was * * * dismissed solely because improperly brought" against any general agent of the United States. 46 U.S.C.A. § 745. The respondent contends that the proviso, just quoted in part, does not apply to this suit, for the reason that, although a prior action at law (admittedly timely commenced) based upon the same cause of action was dismissed, it was not dismissed *solely* because improperly brought against the general agent.

Judge Ganey's order dismissing the action at law, entered April 24, 1951, is as follows:

"And now, to wit, this 24th day of April, 1951, upon consideration of the authority of the decisions of the Supreme Court of the United States in Gaynor v. Agwilines, Inc., 337 U.S. 783 [810]; 69 S.Ct. 1330, 93 L.Ed. 1709; and Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 70 S.Ct. 32, 93 L.Ed. 1278, [69 S.Ct. 1317, 93 L.Ed. 1692]; it is Ordered and Decreed by this Court that the Complaint herein be and is hereby dismissed without prejudice to any claim which the plaintiff has made or will make against the United States of America with respect to the subject matter of the Complaint."

It is not easy to see how the Court's reasons for the dismissal of the suit could be made plainer or more specific. In spite of this, the respondent contends that the complaint included a cause of action for its failure to perform its duty within the limited scope of its agency as ship's husband, Weade v. Dichmann, Wright & Pugh, Inc., 337 U.S. 801, 69 S.Ct. 1326, 93 L.Ed. 1704, as distinguished from its negligence as operator of the vessel for the United States. Therefore, the respondent argues, the dismissal was of both causes of action—of the one because the respondent was a general agent and not liable for negligence in operating the vessel and of the other for some undisclosed reason which the respondent contends was erroneous but nevertheless present.

Whether the point would be well taken if the action had been based upon the two distinct causes of action referred to need not be decided, because a careful reading of the complaint discloses nothing more than a statement of injury caused by negligence of the respondent in various particulars all having to do with its duties in connection with the management of the vessel and its equipment and appliances for the United States under its general agency contract, plus an allegation of unseaworthiness of the vessel.

This action comes literally within the words of the proviso and it is immaterial that the action at law was dismissed on the plaintiff's motion and that the defense of "general agent" was not raised by the defendant, which in fact opposed the dismissal. That was only to be expected because, so long as the action at law remained open, the United States could not be sued, and the general agent had very little to fear in view of the McAllister decision. Also immaterial is the fact that at the time the action at law was dismissed there was pending a suit in admiralty not timely brought and subject to dismissal because barred by the Statute.

I am of the opinion that the Court has jurisdiction of this suit.