## McKEEFRY v. UNITED STATES.
### No. 249 of 1951.

United States District Court
E. D. Pennsylvania.

Sept. 24, 1952.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., and Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

WELSH, District Judge.

The contentions urged by respondent in support of its exceptive allegations and motion to dismiss are discussed and disposed of below.

1. Respondent's first contention is that libellant has failed to allege the existence of a prior suit or action or the timely commencement thereof, and consequently libellant in the present suit is not entitled to the provision of the Suits in Admiralty Act, as amended, 46 U.S.C.A. § 741 et seq., extending the time limitation for suits.

The provision in question, Amendment of December 13, 1950 to the Suits in Admiralty Act, 46 U.S.C.A. § 745, reads as follows:

"That the limitations contained in this section for the commencement of suits shall not bar any suit against the United States brought hereunder within one year after December 13, 1950, if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law was timely commenced and was or may hereafter be dismissed solely because improperly brought against any person, partnership, association, or corporation engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States or against the master of any such vessel".

Paragraph 12 of the instant libel avers: "The instant action is being prosecuted against respondent pursuant to the provisions of the Suits in Admiralty Act, 41 Stat. 525, 46 U.S.C.A. §§ 741-745, as amended on December 13, 1950 by Public Law 887 [877], Chapter 1136, 81st Congress, Second Session, H.R. 483, a timely action having been previously instituted against A. H. Bull and Company, the general agent of the said vessel, in which libellant has asserted against the said general agent the precise claim being presently asserted herein against respondent, and which action was dismissed solely because improperly brought against the said A. H. Bull and Company, a firm engaged by the United States to manage and conduct the business of the S. S. "Cape Henlopen" and S. S. "William Tilgheman". The said action was brought in the United States District Court for the Eastern District of Pennsylvania as of No. 403 of 1949, in Admiralty."

■ A reading of the aforementioned Amendment to the Suits in Admiralty Act and paragraph 12 of the instant libel makes it obvious that legally sufficient facts are pleaded and the libel is not therefore barred.

The respondent nevertheless argues that the libel is on its face time-barred since it shows that the causes of action arose between October 19, 1942 and April 6, 1943 and July 19, 1943 and November 27, 1943 and that the prior suit against A. H. Bull and Company, the General Agent, was filed on October 24, 1949. This argument is answered in part 3 of this opinion.

2. Respondent's second contention is that the present suit is barred for the reason that libellant brought a prior suit against the respondent in which the precise claim involved in the present suit was asserted, No. 249 of 1950 in Admiralty, filed July 14, 1950. Respondent points out that said prior suit was brought after the expiration of the two year statute of limitations applicable to suits against the United States and consequently libellant's causes of action were extinguished (it will be remembered, however, that we held part of that first suit was not barred) and are incapable of being revived by the provisions of the Amendment of December 13, 1950 to the Suits in Admiralty Act.

For several years the law with respect to the liability of a general agent was uncertain. Then on June 27, 1949, the United States Supreme Court, in Cosmopolitan Shipping Company v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, removed some of the uncertainty by holding that general agents were not proper parties and consequently not liable under the law.

■ On October 24, 1949, the libellant, at that time convinced that his case on its facts was outside the scope of the holding in Cosmopolitan Shipping Company v. McAllister, supra, brought suit against A. H. Bull and Company, the general agent. And, on July 14, 1950, out of an abundance of caution for his protection and without yielding any of his rights in the suit against the general agent, libellant brought the first suit against the United States, the respondent herein. Thereafter, the amendment of December 13, 1950 to the Suits in Admiralty Act was passed and it is clear that said amendment was passed to give a remedy against the government to suitors who had been defeated because they had sued others than the government, such as, general agents, in the belief that they were the proper parties and liable under the law. It is the opinion of this court that the Amendment is applicable to the present suit and libellant's rights thereby created ought not be defeated merely because a

prior action was commenced by him against the United States before the effective date of the Amendment. In Clarence G. Ketcham v. United States, D.C., 106 F.Supp. 960, 961, Judge Kirkpatrick had before him the problem of a prior pending suit against the United States and upheld the validity of the second suit against the United States under the Amendment in the following language:

"* * * Also immaterial is the fact that at the time the action at law was dismissed there was pending a suit in admiralty [against the United States] not timely brought and subject to dismissal because barred by the Statute."

3. Respondent's third and final contention is that the present suit is barred since it is based on the suit against the general agent, A. H. Bull and Company, No. 403 of 1949 in Admiralty which is itself barred on its pleadings because of laches—said pleadings show that the cause of action arose at the latest on November 27, 1943 and the suit against the general agent, A. H. Bull and Company, was brought on October 24, 1949.

The answer to this contention is that the legal existence or non-existence of laches is dependent upon the facts and circumstances of a particular case and ordinarily is incapable of determination on preliminary attacks, such as, on motions to dismiss, etc. Its determination should await the trial of the case on its merits or a special hearing in advance of trial.

We hold therefore, that the issue of laches has been raised prematurely and decision thereon should be reserved until libellant has had an opportunity to establish his averment that the suit against the general agent, A. H. Bull and Company, was timely commenced. It necessarily follows that in the present state of the record a discussion of the law or principles applicable to laches is not required, except that mention should be made of the alleged negligence of the respondent in failing to treat or maintain libellant after his discharge from the vessel. Negligence in that respect has been held to constitute a continuing tort and if libellant establishes it

he will be entitled to damages flowing therefrom for the period prior to the filing of the suit against the general agent on October 24, 1949 and within the analogous statute of limitations.

4. For the reasons stated herein respondent's exceptive allegations and motion to dismiss are accordingly denied.

An order pursuant to the foregoing opinion will be prepared and submitted.