## TESORIERO v. A/S J. LUDWIG MOWINCKELS REDERI et al.

United States District Court
S. D. New York.
July 23, 1953.

Nathan Baker, New York City, for libelant, Milton Garber, Hoboken, N. J., on the brief.

Haight, Deming, Gardner, Poor & Havens, New York City, for respondent, A/S J. Ludwig Mowinckels Rederi, J. Ward O'Neill and Francis X. Byrn, New York City, of counsel.

DIMOCK, District Judge.

Exceptions have been taken to the amended libel and complaint in this case on the ground that on the face of the libel it appears that libelant is barred from commencing this action because of his laches. Libelant, a longshoreman, was injured on July 22, 1948, while working on the M. S. Molda. Respondent, J. Ludwig Mowinckels Rederi, is the owner of the vessel and the other respondent, Cosmopolitan Shipping Co., Inc., is the owner's general agent. The original libel and complaint were filed February 6, 1952, about six and a half months beyond the three year period of the New York State Statute of Limitations, Civil Practice Act, § 49, applied by analogy in Courts of Admiralty.[1]

1. Libelant has withdrawn the contention made in oral argument that a statute of limitations with a longer period should be resorted to.

On the hearing of exceptions to the original libel exceptions on the same ground were sustained but libelant was granted "leave to amend so as to plead facts negativing laches and prejudice. The Sydfold, 2 Cir., 86 F.2d 611, 612."

I shall proceed to summarize the additional facts pleaded pursuant to that leave.[2] First are alleged those relating to the excuse for delay. Libelant sustained injuries to certain parts of his body and there is specifically mentioned a fractured rib. He was treated by doctors apparently from the date of his injury, July 22, 1948, to some indefinite time up to at least June 28, 1951, and has been in the hospital on two occasions of approximately three weeks duration each. Libelant was unable to work at all from the date of his injury until September, 1951 and since then has been unable to work steadily. From the date of his injury until April 26, 1951, he received compensation payments for temporary total disability. He attended a conference at the United States Compensation Commission on June 28, 1951, at which he was not represented by an attorney. "Libelant did not know then what a third party case was and he was not advised of his right to institute action against the vessel on which he received his injuries." At the end of July, 1951, he retained counsel because he was not getting compensation and he required treatment for his injuries. An investigation at that time did not result in locating the vessel.

Next are alleged the facts relating to the absence of prejudice to respondents resulting from libelant's delay. The names and addresses of three persons who had knowledge of the injury or who observed the accident and can testify as to the manner in which libelant was injured are supplied. Doctors' reports and the reports of libelant's employer are on file with the Compensation Commission.

The Supreme Court expressed its views on the question of laches in Gardner v. Panama R. Co., 342 U.S. 29, 30, 72 S.Ct. 12, 13, 96 L.Ed. 31, where it said:

"Though the existence of laches is a question primarily addressed to the discretion of the trial court, the matter should not be determined merely by a reference to and a mechanical application of the statute of limitations. The equities of the parties must be considered as well. Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to relief."

The facts alleged are in my view insufficient to excuse the delay in this case. They come to little more than that libelant was injured, that he has been out of work for a long time, that he received treatment, that when he stopped receiving compensation he needed more money and he therefore retained counsel and instituted this action against respondents. There is no fact alleged indicating that he was unable to retain counsel at an earlier date.

With respect to the question of libelant's knowledge of his rights, it would appear that even erroneous advice of counsel or neglect by counsel would not be enough to excuse delay in instituting action. McGrath v. Panama R. Co., 5 Cir., 298 F. 303; Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551. I need not, however, go so far. Libelant was unusually careful not to allege that he was ignorant of his right to sue these respondents for his injuries. As the sentence which I have quoted above indicates, he merely alleged that on June 28, 1951, he did not know what a third party case was and that he was not on that date at the specified conference advised of his right to sue the vessel. The fact that he was not then advised of his rights against the ship was unimportant in view of the absence of any claim of ignorance of his rights against the owner and general agent and the demonstrated ease of getting personal jurisdiction over them.

If these facts are sufficient to excuse delay in instituting suit, then I should think

2. I will not consider the affidavits submitted to me since I do not think they are properly before the court on exceptions to a libel. The Sydfold, 2 Cir., 86 F.2d 611.

it would go far to do away with the defense of laches in personal injury actions.

■■ With respect to the question of prejudice to respondents resulting from the delay, I take the rule in this circuit to be that detriment to respondent is presumed from libelant's delay unless the contrary is shown and the burden is upon libelant to allege and prove facts negativing laches. Redman v. United States, 2 Cir., 176 F.2d 713.[3] I do not think that libelant has here rebutted that presumption. The mere fact that libelant has located and supplies the names and addresses of possible witnesses and that there are reports concerning libelant in the files of a compensation commission does not tend to show that respondents have not been harmed. I cannot say what a more timely investigation by respondents would have revealed. The possible witnesses listed by libelant are not alleged to be the only possible or even available witnesses. For aught that appears they may be the very witnesses libelant will rely on to establish his claim. Reports of doctors and employers in a compensation commission file, I should think, would not contain much information on the question of liability of third parties since that is not a matter within the jurisdiction of such bodies and in any event they cannot take the place of a timely investigation by the party sought to be held liable. Indeed, where a respondent had notice of the accident two months after it occurred and had participated in the search for witnesses at the request of other parties, the court of appeals in this circuit held that the presumption of detriment had not been rebutted. Redman v. United Fruit Co., 2 Cir., 185 F.2d 553 (a later appeal of the Redman case cited above).

There are no equities urged in this case other than the matters already considered and therefore I do not think that this is a case calling for a more elastic application of the analogous state statute of limitations as was done in the Gardner case where the court found libelant to be diligent.

■■ Libelant places his reliance on the case of McKeefry v. United States, D.C.E. D.Pa., 109 F.Supp. 839, 841. There the court took the view that the question of the existence of laches "ordinarily is incapable of determination on preliminary attacks, such as, on motions to dismiss" and that its determination must await the trial or a special hearing. There is some support to be found for these views in several cases. Shamrock Towing Co. v. Pennsylvania R. Co., D.C.S.D.N.Y., 84 F.Supp. 402; Sladich v. Wessel, Duval & Co., Inc., 1947 A.M.C. 912; The Cleary No. 62, D.C. E.D.N.Y., 68 F.Supp. 804; United States v. Alex Dussel Iron Works, 5 Cir., 31 F.2d 535; Elting v. McDonnell, D.C.S.D.N.Y., 4 F.Supp. 988.[4] It seems to me, however, that it has been settled in this circuit and in the third circuit that a respondent in an admiralty case may take advantage of laches appearing on the face of the libel by exceptions. The Sydfold, 2 Cir., 86 F.2d 611; Redman v. United States, 2 Cir., 176 F.2d 713; Kane v. Union of Soviet Socialist Republics, 3 Cir., 189 F.2d 303, certiorari denied 342 U.S. 903, 72 S.Ct. 292, 96 L.Ed. 676. On the other hand, exceptions on the ground of laches should not be sustained where the facts pleaded provide a sufficient indication that on the trial a possible excuse may be established, Hughes v. Roosevelt, 2 Cir., 107 F.2d 901, see Virgin Islands Corp. v. W. A. Taylor & Co., 2 Cir., 202 F.2d 61, (dealing with a motion to dismiss a complaint) and I do not think that rulings on exceptions should be made where the court does not have sufficient facts before it to determine the questions presented. Federal Insurance Co. v. American Export Lines, Inc., D.C.S.D.N.Y., 113 F.Supp. 540.

3. Therefore, I cannot follow C. H. Sprague & Son Co. v. Howard, D.C.D.N. J., 68 F.Supp. 348, cited by libelant. In Petterson Lighterage & Towing Corp. v. The J. Raymond Russell, D.C.S.D.N. Y., 87 F.Supp. 467, also cited by libelant, the court in a footnote called attention to the then recently decided Redman case and expressly found that libelant sustained its burden to negative laches by showing there was no detriment.

4. As I read Walker v. Benjamin Foster Co., Inc., D.C.E.D.Pa., 92 F.Supp. 402, cited by libelant, it appears that the court was satisfied that sufficient facts were pleaded to negative laches.

Nevertheless the facts pleaded, do not, in my view, give a sufficient indication of a possible excuse to lead the court to permit further amendment or to require withholding a ruling on exceptions on the question of laches. It is true that all of the equities of the parties are not before me for it is only libelant's pleading that is being considered. Presumably all the equities favoring libelant are before me, however, and I have already concluded that they do not warrant a departure from the analogous state statute of limitation.

Exceptions sustained.