### COMPAGNIE GENERALE TRANSATLANTIQUE et al. v. CITY OF NEW YORK.

United States District Court
S. D. New York.
July 23, 1953.

Foley & Statt, New York City, for libelants, Frank J. Foley, New York City, of counsel.

Denis M. Hurley, Corp. Counsel, New York City, for respondent City of New York, Edwin M. Bourke and Alfred T. Macre, New York City, of counsel.

DIMOCK, District Judge.

Respondent, the City of New York, has moved to sustain exceptions to the amended libel in this case on the ground that libelants are guilty of laches. Its prior exceptions to the original libel were sustained but libelants were given leave to serve an amended libel which would allege facts to excuse the apparent laches. This case involves a collision between two vessels owned by the parties involved in this case on April 22, 1944. Additional facts, which I will now summarize, were pleaded in the amended libel. Surveys of the damage to the two vessels were held on April 24, 1944 and May 2, 1944 respectively and each one was attended by respondent. On May 5, 1944, two weeks after the collision, libelants filed with respondent a claim for damages sustained by their vessel. Receipt of this was acknowledged by respondent. Hearings before the Comptroller were adjourned from time to time until July 30, 1946. Libelants claim that they could not bring suit against respondent until after August 28, 1946 by virtue of a stipulation the quoted

part of which indicates an agreement not to commence suit within a certain time. At least two conferences were had with respondent's representatives in 1950. In April, 1951 a representative of respondent requested of libelants information concerning damages sustained by libelants' vessel. On September 17, 1951 respondent wrote libelants that their claim was disallowed because its investigation indicated that respondent was not liable. Libelants delayed filing a libel until September 18, 1951 because respondent was investigating its claim until September 17, 1951. Soon after the collision, the United States Coast Guard conducted an investigation at which the Captain and four members of the crew of respondent's vessel testified. These five persons are still employed by respondent, are available as witnesses and, since respondent has conferred with them up to the completion of its investigation, September 17, 1951 their recollection should be clear. There is available to refresh their recollection the statements they made to the Coast Guard.

■ Respondent on the other hand has submitted an affidavit in which it takes issue on some of the facts pleaded and adds other facts. I do not think, however, that affidavits may properly be considered on exceptions to a libel in an admiralty proceeding. The Sydfold, 2 Cir., 86 F.2d 611.

■ This case seems to come within the rule laid down in Hughes v. Roosevelt, 2 Cir., 107 F.2d 901, that where the facts pleaded give a sufficient indication of possible excuse for delay, libelant should be given another opportunity to amend. The court also indicated in that case that in such a situation final judgment should not be rendered against libelant on exceptions which are only the equivalent of a general demurrer.

■ Here by an agreement of the parties, the terms and extent of which are not fully presented to the court, libelants were not to institute action against respondent. Respondent during some part at least of the period of delay investigated the claim and maintained some form of contact with libelants which may amount to negotiations. Also it did not finally disallow libelants' claim until September 17, 1951. The exact nature of the dealings between the parties is not clear on the facts before me. The agreement, the possible existence of negotiations and other circumstances do, however, give a sufficient indication of possible excuse for the delay to prevent my sustaining the exceptions.

In addition, the facts pleaded tend to show that libelants may be able to rebut the presumption that respondent was prejudiced by the delay, even if their delay was inexcusable. Respondent was given prompt notice of the claim. There appear to have been prompt investigations in which respondent was involved both with respect to fault and damages. Respondent has been conducting its own investigation and it has available several of its own present employees who have testified as to the collision shortly after it occurred.

Under all of these circumstances, I think that the determination of the question of laches should await the trial on the merits or a special hearing in advance of trial on this question. I will permit libelants to amend their libel if so advised but will not require it. There are so many circumstances to be considered that I do not think the equities of the parties on this question can readily be decided on pleadings.

Exceptions overruled with leave to libelants to amend if so advised.