**MORAN TRANSPORTATION CORPORATION, Libellant,**

**v.**

**LEHIGH VALLEY RAILROAD COMPANY, Respondent, and Wm. Spencer & Son Corporation, Pittston Stevedoring Corporation and Compania Sud-Americana De Vapores, Respondents-Impleaded.**

United States District Court
S. D. New York.
Dec. 3, 1954.

Burlingham, Hupper & Kennedy, New York City, proctors for libellant. Benjamin E. Haller, New York City, of counsel.

Richard T. Graham, New York City, proctor for respondent-impleaded, Pittston Stevedoring Corp., Patrick J. Hughes, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, proctors for claimant-respondent, Compania Sud-Americana de Vapores.

McGOHEY, District Judge.

Compania Sud-Americana de Vapores moves to dismiss, on the grounds of laches, the original libel of Moran Transportation Corporation, as well as the petition of Pittston Stevedoring Corporation impleading the movant.

The original libel pleads an oral agreement, by which libellant was to demise and Lehigh Valley was to receive on charter a certain scow, the charterer agreeing that upon termination of the charter, the scow would be returned in as good order and condition as when received, reasonable wear and tear excepted. The libel further alleges delivery of the scow as agreed, redelivery of the scow on April 2, 1949 in a seriously damaged condition contrary to the terms of the charter, by reason of which libellant has been damaged. The original libel was filed against Lehigh on June 7, 1952. Lehigh subsequently impleaded Spencer, as well as Pittston. The latter impleaded Compania Sud-Americana on June 2, 1954.

■ The general rule that the state statute of limitations will be applied by analogy in Admiralty Courts when considering the question of laches is well understood and apparently conceded by the parties to the motion. The difficulty arises here in determining which provision of the New York law is applicable. The movant apparently relies on the three-year period of limitation contained in New York Civil Practice Act, § 49(6) applicable to "An action to recover damages for an injury to property, or a personal injury, resulting from negligence." Both Moran, original libellant, and Pittston, impleading petitioner, rely on Section 48(1) of the New York Civil Practice Act which limits to six years the time to commence actions "upon a contract obligation or liability express or implied * * *."

■ Clearly the original libel pleads a cause of action for breach of contract and the action would not be barred under the applicable state law as set out above. The impleading petition pleads a cause of action for indemnity should Pittston be held liable, charging that Compania Sud-Americana is primarily liable because of its active negligence. Actions for indemnity have been held, in both the Federal [1] and State Courts [2] to be actions on an implied contract to which the six-year time limit applies. But even assuming that the three-year statute were properly invoked, the cases [3] hold that the cause of action sounding in indemnity does not accrue until the third-party plaintiff suffers a loss, although he is allowed, as a matter of procedure, to implead the third-party defendant to avoid multiplicity of actions.

■ Furthermore the statute is not an absolute bar, but may be invoked only by analogy on the question of laches. There is no showing of prejudice to Compania Sud-Americana, and no presumption of such since the statute has not run. Both the original libellant and the impleading petitioner may have sufficient reasons to excuse any delay. This can

1. Shamrock Towing Co., Inc. v. Pennsylvania R. Co., D.C.S.D.N.Y.1948, 84 F.Supp. 402.

2. Smith v. Smucker, 1950, 198 Misc. 944, 100 N.Y.S.2d 35; Liberty Mutual Ins. Co. v. Societe Coiffure, Inc., Sup., 1944, 50 N.Y.S.2d 40.

3. James McWilliams Blue Line, Inc. v. Esso Standard Oil Co., D.C.S.D.N.Y., 123 F.Supp. 824, 1954 A.M.C. 1134; Shamrock Towing Co., Inc. v. Pennsylvania R. Co., D.C.S.D.N.Y.1948, 84 F.Supp. 402; Satta v. City of N. Y., 1947, 272 App.Div. 782, 69 N.Y.S.2d 653; Clements v. Rockefeller, 1947, 189 Misc. 889, 76 N.Y.S.2d 493, affirmed 1950, 276 App.Div. 895, 94 N.Y.S.2d 820; Smith v. Smucker, 1950, 198 Misc. 944, 100 N.Y.S.2d 35; Prost v. City of N. Y., 1947, 190 Misc. 197, 73 N.Y.S.2d 811.

better be determined, if need be, on trial with all parties before the Court.[4]

Motion denied.

Settle order.

4. Shamrock Towing Co., Inc. v. Pennsylvania R. Co., D.C.S.D.N.Y.1948, 84 F.Supp. 402; Cleary Bros. v. Christie Scow Corp., D.C.E.D.N.Y.1946, 68 F. Supp. 804.