Giovanni **TESORIERO**, Libelant,

v.

A/S **J. LUDWIG MOWINCKELS REDERI** and Cosmopolitan Shipping Co., Inc., Respondents.

United States District Court
S. D. New York.
March 2, 1955.

Nathan Baker, New York City, for libelant.

Haight, Gardner, Poor & Havens, New York City, for respondents.

DIMOCK, District Judge.

In a memorandum dated July 23, 1953, D.C., 113 F.Supp. 544, I sustained exceptions to the libel herein on the ground of laches. The libel had already been once amended and I declined to permit further amendment.

After reargument I filed a memorandum in which I stated that I would permit the parties to submit, in affidavit form, evidence on the question whether respondent Mowinckels, for a period sufficiently long to make the institution of this suit timely under the New York statute, was not subject to service of a summons under New York law. I further stated that, only if I found that there was a reasonable prospect that libelant could substantiate its claim that the statute had been tolled, should I exercise any discretion in favor of permitting a further amendment of the libel.

Respondent Mowinckels has submitted affidavits that its ships for a period from July 1948 to December 1951 had arrived at and sailed from New York during each of the months, with five or six arrivals and sailings in most of them; that during all of that time it was represented by Cosmopolitan Shipping Co., Inc., with an office at 42 Broadway, New York, as general agent; that Cosmopolitan Shipping Co., Inc., habitually accepted service of process for Mowinckels; that the claims against Mowinckels asserted through Cosmopolitan averaged between 200 and 300 a year.

Libelant contents itself with proof that Mowinckels is not authorized to do business within the state of New York and a suggestion that Mowinckels has not paid the taxes to which a corporation so authorized would be subject.

Foreign shipping corporations trading to our ports and maintaining general agents therein are subject to the service of process through their general agents. Stefanakis v. Sociedad Maritima, D.C.S.D.N.Y., 102 F.Supp. 544.

Failure of such a corporation to obtain authority to do business here and to pay the taxes imposed upon corporations doing business here, even if required, would not exempt it from liability to service of process. It is therefore unnecessary to decide whether Mowinckels was required to do so.

Since I cannot find that there is reasonable prospect that libelant can substantiate its claim that the statute had been tolled, leave to again amend the libel is denied.

As exceptions to the libel as at present amended have been sustained, the libel is dismissed.