Mrs. Thelma Morse **WALLE**, widow of Haakon Walle, Deceased, Libellant,

v.

John **DALLETT**, Respondent.

United States District Court
S. D. New York.

Oct. 19, 1955.

Thelma Morse Walle in pro. per.

Macklin, Speer, Haman & McKernan, New York City, for respondent. James N. Allan, New York City, of counsel.

HERLANDS, District Judge.

Upon this motion excepting to a second amended libel in admiralty, respondent urges the following grounds for final

dismissal: laches; failure to state a genuine triable issue; and failure to state a claim upon which relief can be granted. The Court will treat the cumulative motion as in the nature of a motion for summary judgment under Fed. Rules Civ.Proc. rule 56, 28 U.S.C.A.

The libellant, a widow, has appeared in personam and argued in opposition to the motion.

On January 14, 1948, libellant's husband was killed by carbon monoxide fumes in a vessel on which he was working as a watchman. Whether, at the time of his death, he was an employee of the ship owner or an independent contractor is one of the disputed questions of fact in this case.

Libellant claims that she filed a claim with the Federal Compensation Bureau on July 12, 1948.

About seven years later, on March 7, 1955, libellant filed a libel against the respondent, an individual, as the ship owner. The libel was predicated upon the right to compensation under the Longshoremen's and Harbor Workers' Compensation Act.[1]

Who actually owned or operated the ship at the time of her husband's death, and who had employed him became—to the libellant—an impenetrable mystery. Libellant was confronted by five corporations owned or controlled by respondent. She became distrustful of her former attorney and suspicious of the respondent and his relations with certain official personnel. The factual and psychogenic basis for these suspicions lie outside the compass of this decision.

Her libel and the annexed interrogatories were sharply attacked. The matter came on before Judge Weinfeld, 136 F.Supp. 102, who ruled that the libel was "verbose," "scandalous and vituperative," and that it should be stricken for violation of Admiralty Rule 35, 28 U.S.C.A., and F.R.C.P., Rule 12(f). Nevertheless, Judge Weinfeld considered libellant's papers as attempting to assert a

claim for damages for the death of libellant's husband, based upon respondent's failure to secure payment of compensation or respondent's avoidance of payment of compensation.[2] Consequently, Judge Weinfeld did not dismiss the libel with prejudice. Instead, he granted libellant leave to replead and to assert facts to overcome the plea of laches. With reference to laches, Judge Weinfeld said:

"I have considered the respondent's plea for a complete dismissal upon the further ground that any claim is barred since the libel was filed more than seven years after the decedent's death and there is no affirmative pleading of facts to overcome the presumption of prejudice. However, there is a suggestion in libellant's papers that she may be in a position to assert facts to overcome the plea of laches."

Thereafter, on May 27, 1955, libellant moved before Judge Edelstein for a "bill of particulars." Judge Edelstein's memorandum recites that the motion was "withdrawn." Respondent's memorandum of law (p. 2) on the present motion suggests that the motion for a bill of particulars had been "ordered withdrawn" by Judge Edelstein because "no legal grounds existed on which the relief prayed for could be granted."

On June 8, 1955, libellant filed her first amended libel. On July 29, 1955, the amended libel was dismissed by Judge Palmieri, with leave to file a second amended libel "pleading anew her claim arising out of the alleged failure to carry compensation under the provisions of 33 U.S.C., §§ 905 and 938(a) and (b), * * *." Judge Palmieri further ordered libellant to assert in her second amended libel, "such facts upon which she relies to overcome the plea of laches, * * *." Judge Palmieri overruled respondent's exceptions that were based upon the grounds of "impertinence and scandal."

1. Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

2. 33 U.S.C.A. §§ 905 and 938(a).

The present motion raises two questions: (1) Is there a triable issue as to whether an employer-employee relationship existed between libellant's husband and the respondent or is it conclusively shown that the libellant's husband was an independent contractor and hence outside the coverage of the controlling statute?[3] (2) Does the evidence in support of respondent's plea of laches warrant a final dismissal of the libel upon this motion and without a trial?

■ The record reveals a genuine factual controversy whether libellant's husband was an employee or an independent contractor. Libellant contends that she will be able to establish the employer-employee relationship by evidence showing the continuity of her husband's work for respondent, salary payments by respondent, and her husband's employment and wage records. These assertions are denied by respondent. The resulting issue can be determined only at a trial.

The existence of a bona fide factual dispute as to the status of libellant's husband is fatal to respondent's argument that the libel is insufficient as a matter of law. Respondent's argument is premised upon the erroneous proposition that the facts set forth in the libel and libellant's affidavit demonstrate the absence of an employer-employee relationship that is necessary to bring libellant under the applicable statute. We cannot agree with respondent that the issue of status (employee or independent contractor) must be resolved conclusively against libellant. Sufficient facts are

presented in her affidavit to warrant a plenary hearing on that issue.

■ Similarly, the issues raised by the plea of laches should not be determined solely on the basis of affidavits, but should be fully litigated. It may be observed that, on the occasions when this case came before Judges Weinfeld and Palmieri, respondent's plea of laches was presented but not finally adjudicated. Libellant was granted leave to amend her libel to set forth facts militating against a finding of laches. The Court is of the opinion that libellant's allegations now raise an issue which, if resolved in her favor, would excuse her delay in prosecuting this libel. That libellant is entitled to her day in court on the issue of laches is, in our view, consonant with the principles expounded by those courts which have had occasion to deal with the problem.

■ It is generally said that federal courts will· resort to the analogy of state statutes of limitation[4] in fixing a time limitation to bar an admiralty suit because of laches. But the analogy is neither automatic nor controlling, for the determination of laches involves the court's discretionary judgment and evaluation of two elements:[5] the excusable or inexcusable character of the delay in commencing suit; and the absence or presence of prejudice resulting from the delay. In such an area of adjudication, the resolution of the issue of laches depends upon a careful weighing of the equities and not upon a mere reference to the calendar.[6]

3. 33 U.S.C.A. § 903. Coverage.
"(a) Compensation shall be payable under this chapter in respect of disability or death of an employee, * * *."

4. Petition of Esso Shipping Co., D.C.S.D. Tex.1954, 121 F.Supp. 837; Kane v. Union of Soviet Socialist Republics, 3 Cir., 1953, 189 F.2d 303, certiorari denied, 1951, 342 U.S. 903, 72 S.Ct. 292, 96 L. Ed. 676; Redman v. United States, 2 Cir., 1949, 176 F.2d 713; Bournias v. Atlantic Maritime Co., Ltd., D.C.S.D.N. Y.1954, 117 F.Supp. 864. In New York, the statute of limitations governing actions to recover for wrongful death is two years. New York Decedent Estate Law, McK.Consol.Laws, c. 13, § 130. However, the Supreme Court has declared that local statutes of limitations are not to be given a "mechanical" application. Gardner v. Panama R. Co., 1951, 342 U. S. 29, 31, 72 S.Ct. 12, 96 L.Ed. 31.

5. See Morales v. Moore-McCormack Lines, 5 Cir., 1953, 208 F.2d 218; Kane v. Union of Soviet Socialist Republics, supra, note 4; Redman v. United States, supra, note 4.

6. Ibid. See Taylor v. Crain, 3 Cir., 1952, 195 F.2d 163.

The principle has been established in this circuit that, where suit has been started after the expiration of the analogous statutory period, libellant has the burden of proving that the delay is excusable[7] and of rebutting the presumption of prejudice to the respondent. This principle of ultimate proof is in no way inconsistent with the rule, equally well-established in this circuit, that, "where the facts pleaded provide a sufficient indication that on the trial a possible excuse may be established,"[8] the plea of laches should not be determined before trial on affidavits. In The Sydfold case [86 F.2d 612], the Circuit Court of Appeals for the Second Circuit said:

"But the method adopted by the claimant of trying in affidavits the question whether the statute of limitations had run or there was fatal laches on libelant's part before the suit was brought is quite out of accord with established principles. One of claimant's assignments of error is directed to this unusual method of disposing of issues of fact. Such a practice cannot be sanctioned in admiralty where there is no rule resembling that in force in New York (New York Rules of Civil Practice, rule 113), and in some other jurisdictions which authorizes summary judgment."

With these principles as a frame of reference, we redirect attention to some of the facts in the case at bar. Libellant's allegations will, of course, be tested for accuracy and completeness upon a trial on the merits; they cannot be disposed of preliminarily on conflicting affidavits and pleadings.[9] Libellant asserts that she filed a claim with the Federal Compensation Bureau on July 12, 1948, thereby securing her rights under the applicable statute; that she has been hampered in her prosecution of the libel by the complexity of respondent's corporate set-up; and that libellant's rights have, in some way, been adversely affected by improper conduct and

---

7. Redman v. United States, supra, note 4; The Sydfold, 2 Cir., 1936, 86 F.2d 611. See Morales v. Moore-McCormack Lines, supra, note 5.

8. Tesoriero v. A/S J. Ludwig Mowinckels Rederi, D.C.S.D.N.Y.1953, 113 F.Supp. 544, 546. See Hughes v. Roosevelt, 2 Cir., 1939, 107 F.2d 901. Whether the defense of laches may be raised preliminarily, even where libellant does not present facts indicating that the delay was excusable—is the subject of varying judicial opinion. For example, in McKeefry v. United States, D.C.E.D.Pa.1952, 109 F.Supp. 839, 841, the court took the view that the question of the existence of laches "ordinarily is incapable of determination on preliminary attacks, such as, on motions to dismiss, etc." and that the question should be decided only at the trial or on a special hearing. A similar attitude is reflected in such cases as Shamrock Towing Co., Inc., v. Pennsylvania R. Co., D.C.E.D.N.Y.1948, 84 F. Supp. 402; Sladich v. Wessel, Duval & Co. Inc., 1947 A.M.C. 912; The Cleary No. 62, D.C.E.D.N.Y.1946, 68 F.Supp. 804; Elting v. McDonnell, D.C.S.D.N.Y. 1933, 4 F.Supp. 988. On the other hand, there is authority for the proposition that the respondent in an admiralty case may preliminarily except to a libel where laches appears on the face of the libel. The Sydfold, supra, note 7; Redman v. United States, supra, note 4; Kane v. Union of Soviet Socialist Republics, supra, note 4. Although the latter cases sanction the procedure of raising the question of laches by preliminary exceptions and dismissing the libel for inexcusable delay and prejudice to the respondent, the same cases nevertheless grant leave to file an amended libel wherein the libellant may plead additional facts extenuating the delay and rebutting the presumption of prejudice to the respondent. See International Harvester Export Co. v. Skibsaktieselskab Hilda Knudsen, D.C.S.D. N.Y.1952, 106 F.Supp. 880; Federal Ins. Co. v. American Export Lines, Inc., D.C.S.D.N.Y.1953, 109 F.Supp. 819; Redman v. United States, supra, note 4; Hughes v. Roosevelt, ibid.; The Sydfold, ibid.

9. The Sydfold, ibid.; Hughes v. Roosevelt, supra, note 8; Compagnie Generale Transatlantique v. City of New York, D.C.S.D.N.Y.1953, 114 F.Supp. 252; Tesoriero v. A/S J. Ludwig Mowinckels Rederi, supra, note 8.

implied collusion on the part of respondent and certain official personnel.[10]

Without in any way suggesting that these allegations are true in fact, the court views them as sufficient for the purpose of precluding a dismissal of the libel on the ground of laches at this stage of the proceedings.

The motion is denied.

---

10. See Compagnie Generale Transatlantique v. City of New York, ibid., involving a delay of over seven years, concerning which Judge Dimock said [114 F.Supp. 253]:

"In addition, the facts pleaded tend to show that libellants may be able to rebut the presumption that respondent was prejudiced by the delay, even if their delay was inexcusable. Respondent was given prompt notice of the claim. There appear to have been prompt investigations in which respondent was involved both with respect to fault and damages. Respondent has been conducting its own investigation and it has available several of its own present employees who have testified as to the collision shortly after it occurred."