**Enrique Vega HERNANDEZ, Libelant,**

v.

**THE Steamship SS FLYING ARROW, her engines, boilers, etc., and Isbrandtsen Co., Inc., Respondents.**

United States District Court
S. D. New York.

April 23, 1959.

Jerome Golenbock, New York City, for libelant in both cases, Donald S. Sherwood, New York City, of counsel.

Dougherty, Ryan & Mahoney, New York City, for respondents in both cases, Robert J. Giuffra, New York City, of counsel.

PALMIERI, District Judge.

Of respondent's three stated exceptions, only one, laches, was argued or briefed by respondent and this memorandum is limited thereto. In determining whether the exceptions should be sustained, the affidavits submitted by the parties, in amplification or contradiction of the facts stated in the libel, may not be considered. The exceptions must be tested against the face of the libel. The

Sydfold, 2 Cir., 1936, 86 F.2d 611, 612–613; Walle v. Dallett, D.C.S.D.N.Y.1955, 135 F.Supp. 390, 393; Compagnie Generale Transatlantique v. City of New York, D.C.S.D.N.Y.1953, 114 F.Supp. 252, 253.

A libelant is required to plead and prove special circumstances excusing his delay in filing suit, if the suit is barred by the analogous statutes of limitations. Le Gate v. The Panamolga, 2 Cir., 1955, 221 F.2d 689, 690; Redman v. United States, 2 Cir., 1949, 176 F.2d 713, 715. The analogous statutes of limitations are 11 L.P.R.A. § 32 (one year) and N.Y. Civil Practice Act, § 49, subd. 6 (three years) for the negligence claim; and 11 L.P.R.A. § 32 (one year) and N.Y. Civil Practice Act, § 48, subd. 3 (six years) for the unseaworthiness claim. See N.Y. Civil Practice Act, § 13; Le Gate v. The Panamolga, supra. The libel, filed on December 4, 1958, alleges that libelant was injured on January 5, 1956. The claims are not, therefore, barred by the New York statutes. The libel further alleges, although in terms of legal conclusions rather than facts, that the repondent is absent from Puerto Rico. I am aware, of course, that respondent's affidavit seeks to controvert this allegation. As I have already indicated, however, that affidavit is not properly before the Court. On the face of the libel, therefore, libelant's claims are not barred by the Puerto Rico statute of limitations. 32 L.P.R.A. § 253. There is, accordingly, no need for libelant to plead facts tending to excuse laches.

Respondent may, of course, file exceptive allegations, placing in issue its alleged absence from Puerto Rico. Resolution of this issue must be left for ultimate proof. The parties may then, if they are so advised, seek a preliminary trial of this issue. See Walle v. Dallett, supra, 135 F.Supp. at page 393; Wnuczwnski v. Argonaut Navigation Co., D.C. Md.1955, 130 F.Supp. 439, 441.

The exceptions are, accordingly, overruled.

So ordered.