**Maximino Rodriguez RIOS, Libelant,**

**v.**

**Steamship THE FLYING CLOUD, her engines, boilers, etc. and Isbrandtsen Co., Inc., Respondents.**

United States District Court
S. D. New York.

April 23, 1959.

On Reargument June 15, 1959.

Jerome Golenbock, New York City, for libelant, Donald S. Sherwood, New York City, of counsel.

Dougherty, Ryan & Mahoney, New York City, for respondents, Robert J. Giuffra, New York City, of counsel.

PALMIERI, District Judge.

To the extent that respondent's exceptions are addressed to the claim for unseaworthiness, they are overruled for the reasons set forth in the Court's Memorandum Opinion of this date, overruling respondent's exceptions in Hernandez v. The Flying Arrow, D.C., 181 F.Supp. 951.

██ With respect to the claim for negligence, however, something more must be said. The libel filed on Decem-

ber 3, 1958, alleges that the injury occurred on April 1, 1955. If the claim accrued to libelant on the date of the accident, it would be barred by the New York three year statute of limitations, Civil Practice Act, § 49, and libelant would be required to plead and prove facts tending to excuse his delay. See authorities cited in the Hernandez opinion, supra. The claim did not accrue to libelant, within the meaning of the New York statute, until "the time when the [libelant] first became enabled to maintain the particular action in question." Cary v. Koener, 1910, 200 N.Y. 253, 259, 93 N.E. 979, 982; N.Y. Civil Practice Act, § 11. A condition precedent to libelant's maintenance of the action, under Puerto Rico law, which would be applied by New York, Restatement, Conflicts of Law § 618 (1934), is the "expiration of ninety days from the decision of the case by the Manager of the State Insurance Fund." 11 L.P.R.A. § 32. See, in this connection, Moreno v. Penzol, 1952, 73 P.R.R. 12. The libelant may, accordingly, be able to plead facts which would indicate that his claim for negligence is not barred by the New York three year statute. For the reasons discussed in the Hernandez opinion, supra, the libel sufficiently overcomes the bar of the Puerto Rico statute.

The allegations in the libel, seeking to overcome the doctrine of laches, are insufficient on their face. The fact that the Puerto Rico statute of limitations may not have run is not, if the New York statute has run, sufficient to remove the requirement that libelant plead facts tending to excuse his delay, or non-prejudice to the respondent, and the allegation that the New York statute has not run is incorrect, as a matter of law, as applied to the negligence claim. See authorities cited in the Hernandez decision, supra.

Accordingly, the exception is sustained, as to the negligence claim, and that claim is dismissed, with leave, however, to amend the libel, within thirty days from the date hereof, to allege facts tending to show that the New York statute, in addition to the Puerto Rico statute, has not run; and/or to allege additional facts tending to negate the claim of laches. The Sydfold, 2 Cir., 1936, 86 F.2d 611, 612.

So ordered.

### On Reargument

■ The libelant's motion for reargument is granted. The final paragraph of the Court's Memorandum Opinion of April 23, 1959, is withdrawn and the respondent's exceptions are overruled. Since I have held that the libelant's claim for unseaworthiness cannot be said, at this time, to be barred by the analogous statutes of limitations, it presently appears that the burden is on the respondent to show inexcusable delay in the filing of the libel with resulting prejudice to it. Le Gate v. The Panamolga, 2 Cir., 1955, 221 F.2d 689, 691.

It is so ordered.