James J. Crisona, J.
Motion by the second third-party defendant to strike from the second third-party plaintiff’s complaint the first cause of action, on the ground that the same is barred by the Statute of Limitations and the second cause of action on the ground of legal insufficiency.
The second third-party complaint contains two causes of action. The first seeks indemnification on the theory of active negligence and the second upon the theory of breaches of warranty of merchantability and of fitness for use in the sale of a mixing valve.
In support of its motion to dismiss the first cause of action, the movant urges that since plaintiff’s cause of action is based upon negligence which arose from an accident which occurred in January, 1956, and the second third-party plaintiff’s summons and complaint were not served until May, 1961, over three years have elapsed, and as a result thereof the first cause of action is barred by the Statute of Limitations. This position is untenable.
The Statute of Limitations with respect to a third-party claim is not measured from the accrual of the plaintiff’s original cause of action against the defendant. (Rieger v. Frankstram Realties, 68 N. Y. S. 2d 243.) “ The third-party cause of action herein is by way of indemnity to a defendant secondarily liable from a defendant primarily liable. It does not accrue until the actual payment by the third-party plaintiff of the judgment recovered *926 against it (Satta v. City of New York, 272 App. Div. 782). However, under our practice, a third-party complaint may be served in a situation such as this even before the cause of action accrues to avoid a multiplicity of actions.” (Smith v. Smucker, 198 Misc. 944, 947.)
The second cause of action is sought to be stricken for legal insufficiency, in that the second third-party complaint is predicated on the purchase by the second third-party plaintiff from the second third-party defendant of “ a certain item known as the Lawler mixing valve, also known as the Lawler Thermostatic Temperature Regulator.” It is urged that since this sale was of a mixing valve known by its trade name, subdivision 4 of section 96 of the Personal Property Law precludes a cause of action based upon an implied warranty as to fitness for use. The court finds this contention without merit. The second third-party complaint contains no allegation that the purchase was in fact made under a patent or trade name. Moreover, the cause of action is also predicated upon an implied warrant of merchantability. Accordingly, the motion is denied in its entirety.