## WALKER v. BENJAMIN FOSTER CO., Inc.

### No. 153 of 1949.

United States District Court
E. D. Pennsylvania.
July 13, 1950.

---

John J. McDevitt, 3d, Philadelphia, Pa., for libellant.

Howard R. Detweiler, Philadelphia, Pa., for respondent.

McGRANERY, District Judge.

On May 2, 1949, this action was originated by a libel containing the averment that the physical disability of the libellant commenced on July 19, 1946. Respondent filed exceptions on the ground that the action was barred by laches, and the Court sustained the exceptions, ordering that the libel be dismissed unless libellant filed an amended libel pleading facts which would negative laches or toll the statute of limitations. The amended libel has been filed and respondent again excepts, on the ground that the action is barred by laches and the amended libel fails to set forth adequate cause for the delay.

The Court's order was made on the basis of the doctrine of Redman v. U. S., 2 Cir., 1949, 176 F.2d 713, to the effect that where the libel itself discloses that the analogous statute of limitations has run, it is incumbent upon the libellant to plead and prove facts negativing laches or the tolling of the statute. Detriment to the adverse party is presumed from delay for the statutory period unless the contrary be shown. Libellant has undertaken to show the contrary, by means of the preliminary step of filing an amended complaint containing the necessary allegations, pursuant to the order of the Court. At this stage of the proceedings, respondent is not in a position to preclude libellant from meeting the burden placed upon and assumed by him. No suggestion is made that the allegations of no prejudice to the respondent are inadequate as a matter of law, nor may the respondent, upon exceptions, controvert those allegations. It would make no difference if the facts pleaded in excuse of the delay were inadequate as a matter of law, as respondent urges, if it also appeared that the respondent was not prejudiced. For laches consists of inexcusable delay plus prejudice to the adverse party resulting from the delay. Loverich v. Warner, 3 Cir., 1941, 118 F.2d 690, 693. If the libellant can overcome the presumption of prejudice, he will have overcome the defense of laches. The burden has been assumed by the libellant in his amended libel, and at an appropriate time it will be determined whether that burden has been met. The appropriate time cannot arise until a hearing has been held, after an answer, when the libellant will have the opportunity of advancing the proof of his pleadings.

Accordingly, the exceptions to the amended libel will be overruled.