Jack Paul BROWN, Libelant,

v.

Dean KAYLER, Chris Dahl and Joe Doe, d/b/a Kayler-Dahl Fish Company, Respondents.

No. 3773-KA.

District Court, Alaska
First Division, Ketchikan.
July 8, 1958.

See, also, D.C., 156 F.Supp. 111.

A. H. Ziegler (of Ziegler, Ziegler & Cloudy), Ketchikan, Alaska, for libelant.

F. O. Eastaugh (of Robertson, Monagle & Eastaugh), Juneau, Alaska, for respondents.

KELLY, District Judge.

This matter comes before this court upon exceptions to the second amended libel filed herein by the respondents. The court had heard the exceptions to the first amended libel filed herein and after oral argument and briefs from the parties, filed an opinion allowing the exceptions of respondents and allowing libelant 30 days from November 7, 1957, in which to file an amended libel. It is this which is now before us.

A careful reading of the second amended libel does not disclose to this Court any facts pleaded, which, if proven, would be sufficient to excuse the delay in filing this action, nor does it disclose any new facts which, if proven on the trial, would overcome the presumption of prejudice which exists as set forth in the former opinion herein. The presumption of prejudice still exists, and libelant's claim that no prejudice to respondents has resulted by reason of delay cannot be considered because the presumption exists and nothing in the second amended libel removes it.

The element of laches still exists and nothing in the second amended libel states any facts which make it inequitable to apply this doctrine here. As a matter of fact it would be extremely inequitable not to apply it. The libelant waited almost two years and just before the statute of limitations would run, filed suit. However, the action was brought against improperly named parties and for that reason was dismissed.

All of the cases cited by the libelant show circumstances which did not exist here. In Walker v. Benjamin Foster Co., D.C., 92 F.Supp. 402, the amended complaint contained the necessary allegations to overcome the presumption of prejudice. No such facts are pleaded here. In McDaniel v. Gulf & South American Steamship Co., Inc., 5 Cir., 228 F.2d 189, the court found that the positive averments of the libel disclosed a case of clearly excusable delay because of the mental condition of the libelant arising by reason of a fractured skull as a result of the accident about which the action arose. In the case cited by libelant, The Fulton, 5 Cir., 54 F.2d 467, an equitable reason appeared for not applying the bar of laches and this consisted of protracted negotiations for settlement. In Gardner v. Panama Railroad Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31, the petitioner had diligently sought redress and had twice within the year following her injuries brought suit. The second action abated through an act of Congress and not through any fault of her own, and the United States Supreme Court determined that there was excusable delay for these reasons.

It is unnecessary to go into all of the cases cited by libelant in his supporting brief for the reason that in accordance with the previous opinion of this Court, the libelant's second amended libel discloses no equitable reason for the Court making any change in the decision rendered.

None of the matters stated in the second amended libel is sufficient to excuse libelant's failure to file his libel within the period allowed by the statute of limitations, A.C.L.A.1949, § 55–2–7, and no facts are pleaded therein which would overcome the presumption of prejudice cloaking the respondents.

The foregoing shall constitute Findings of Fact and Conclusions of Law unless the parties desire additional Findings or Conclusions.

Respondents will prepare and present proper judgment in accordance herewith.